David Rubin *v.* Zoning Board of Adjustment (Philadelphia).

Argued October 6, 1970, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and BARBIERI (who has since been appointed to the Supreme Court of Pennsylvania and did not participate in the decision).

*Marvyn Gould,* with him *Yaffe & Gould,* for appellant.

*Matthew W. Bullock, Jr.,* 2nd Deputy City Solicitor, with him *Edward G. Bauer, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE KRAMER, March 2, 1971:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County dated June 3, 1969, which affirmed the adjudication of the Zoning Board of Adjustment of Philadelphia dated June 24, 1968, in which the Board "refused" the appellant's application for a use certificate for an open air private parking lot under the provisions of Section 14-303(3) (f) (.4) of the Philadelphia Code.

The case was transferred to the Commonwealth Court from the Supreme Court of Pennsylvania, East-

ern District, at No. 504, January Term, 1969, under the provisions of the Appellate Court Jurisdiction Act (Act of July 31, 1970, No. 223), and was transferred to this Court on September 14, 1970.

Appellant, David Rubin, the applicant below, is the owner of a certain piece of realty commonly known as 3410 Collins Street, in the city of Philadelphia. Said realty is fifty-one feet (51') wide and runs westwardly a distance of one hundred forty feet (140') to Amber Street and is split-zoned. The Amber Street portion of this realty is zoned R-10 residential, and runs a depth of fifty-four feet (54'), or 20 feet beyond an existing house which fronts on Amber Street. The remainder of said realty fronting on Collins Street is a vacant lot zoned C-2 commercial, extends to a depth of seventy-six feet (76'), and is the subject matter in this case.

The appellant has an interest in National Steel Drum Company, Inc. (hereinafter referred to as National), which operates a business across Collins Street from the lot in question. National intends to lease the proposed parking lot from appellant for the parking of trailer trucks.

The provisions of the Philadelphia Code at Section 14-303(3)(f)(.4) require the property owner to obtain a use certificate for such a private parking lot based upon enumerated criteria at Section 14-1803(1). The burden of presenting evidence satisfying the criteria is placed upon the applicant at Section 14-1803(2).

The appellant filed with the Permit Issuance Section of the Department of Licenses and Inspection an application for a certificate to construct a private parking lot, which was apparently refused and referred to the Zoning Board of Adjustment. The required prior approvals of the City Traffic Engineer and the Pennsylvania Department of Highways were submitted with said application.

A plot plan was also submitted with the application which shows a drawing of the proposed parking lot with a fence between the Amber Street portion of said property and the parking lot, the construction of concrete curbing on three sides of said parking lot, and the construction of a driveway on the fourth side, together with the paving of the entire parking lot.

After referral to the Philadelphia Zoning Board of Adjustment, a public hearing was held September 14, 1967. This was the only hearing held in this matter. A transcript of the proceedings at this public hearing shows that the applicant (Rubin) presented statements by his attorney, Mr. Gould, and the protestants presented statements by two attorneys representing two different citizens organizations, and the testimony of one citizen, a Mr. Gindelli.

The record before us indicates that no additional testimony was taken in the Court of Common Pleas. Consequently this Court's task on certiorari is to look to the proceedings before the Zoning Board of Adjustment to determine whether or not there has been a manifest abuse of discretion or an error of law. *Appeal of Facciolo*, 440 Pa. 508, 269 A. 2d 699 (1970).

One's initial reaction to a reading of the briefs presented by parties in this matter and listening to arguments of counsel would be that the requested use certificate would be of benefit to the neighborhood in which this parking lot was proposed. It seems obvious to us that this proposed parking lot would reduce traffic congestion and rehabilitate a vacant lot which has become an eye-sore in its run-down and junk-littered condition. Although it appears that the appellant could have supported all of the criteria set forth in Section 14-1803 of the Philadelphia Code, this Court cannot base its decision upon conjecture.

As already stated, we must look to the proceedings before the Board of Adjustment to determine whether or not there has been a manifest abuse of discretion or an error of law by the Board.

Even if we accept the appellant's contention that some of the findings of fact were not supported anywhere in the record,* and assume that the charges of the protestants that National was a poor housekeeper in the neighborhood are entirely irrelevant, we must recognize that the main thrust of the Board's adjudication is that the appellant failed to present evidence to meet the criteria set forth in Section 14-1803 of the Code.

A review of the transcript indicates that Mr. Rubin was not even called to testify; and although the Code at Section 14-1804 (8) permits an attorney's statements to be considered as testimony, a review of the few statements of his attorney (Gould) hardly can be considered a meeting of the burden placed upon the appellant.

Even if we assume that this sparse record supports the allegation that the granting of the certificate will not substantially increase congestion in the public streets as provided in Section 14-1803 (1) (a), nowhere in the transcript is there any mention of what substance or material will be contained in the barrels which may be stored in the parked trailers on the proposed lot. Neither the Board nor this Court can guess that the substance will not be combustible, and therefore the appellant did not meet the burden set forth in Section 14-1803 (1) (b) of the Code, which states that the appellant had the burden of proving that the granting of the certificate would not "increase the danger

---

* For example, Finding of Fact No. 6 says that National is the applicant whereas the record indicates two other possibilities due to errors in the forms of the Board.

of fire or otherwise endanger the public safety". With the exception of subsection (a) none of the other criteria is adequately covered or supported by the appellant in the record.

The Zoning Board of Adjustment is not an advocate in these matters and therefore had no duty to present evidence on the criteria which the appellant had the duty to support. This Court must affirm the order of the court below.

DISSENTING OPINION BY JUDGE MANDERINO:

David Rubin, a property owner in the City of Philadelphia, applied to the Philadelphia Zoning Board of Adjustment to use his property as a parking lot. The use requested would have been as a main use in the district. Such a main use is *permitted* in the district. Thus, Rubin was not asking for a variance. He was asking for that which is specifically permitted in the ordinance. In such a case, the Zoning Board of Adjustment must grant the permit unless they find that certain standards enumerated in the zoning ordinance are not met. If such findings are made, they must be backed by evidence in the record.

The Board of Adjustment refused Rubin's request, and made findings that the standards enumerated in the ordinance had not been met. Both the majority and the lower court have upheld the refusal by the Board to grant Rubin's request.

The real disagreement which I have with the majority goes to the burden which can be imposed upon a citizen as to the standards contained in a zoning ordinance for the grant of a *permitted use,* whether the grant is by "use certificate" or under the terminology "special exception", or as it is sometimes called a "permitted conditional use". All of these are the same. They concern provisions in a zoning ordinance which

specifically allow a citizen to use his property in a particular way. In such a case, the Board's only function is to determine whether or not the standards enumerated in the ordinance are met.

The majority holding, in effect, states that a zoning board is free to find that a citizen applicant has not met any of the standards because the applicant has not presented evidence to so indicate. We do not read the law this way and if it were it would present serious constitutional problems as to unreasonable and harsh burdens placed upon a citizen before he can use his property for that which is *permitted.* In *In Re O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957), the law was stated and has been restated on many occasions that it is not the applicant's burden to provide evidence which will show that the applicant does not violate the standards enumerated in the ordinance. The same test is applicable to all administrative agencies, including zoning boards. The agency must make ultimate findings according to the legislative standards provided. These ultimate findings must be sustained by their basic findings which in turn must be sustained by the evidence in the record. The Board's ultimate findings that the applicant, Rubin in this case, did not meet the standards are not sustained by the record.

The Philadelphia Zoning Ordinance, under which Rubin made his application, requires the applicant to present evidence. However, this cannot be read to mean that the Board can make ultimate findings as to legislative standards when the record does not contain evidence to support their findings. Certainly when a property owner files an application requesting a permit, the applicant must present evidence to the Board concerning his property and exactly what he intends to do on his property. If an applicant does not give sufficient information as to what he wishes to do, it can

be said that he has not presented enough evidence from which the Board can make a determination in accordance with the legislative standards provided. But once the property owner has submitted sufficient information concerning the proposed use of his property and the proposed controls for such use, it would be an unreasonable and harsh burden to then say that the citizen property owner has to fill up the record with sufficient information to qualify with the legislative standards provided. Imagine what we are asking the citizen property owner to do. As an example, among the enumerated standards in the Philadelphia Zoning Ordinance which the Board is to consider is the following standard: "That the grant of the certificate will not adversely affect the public health, safety, or general welfare". Other standards in the Philadelphia Ordinance include "that the grant of the certificate will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities." Another standard states: "that the grant of the certificate will be in harmony with the spirit and purpose of zoning". *Philadelphia, Pa., Zoning Code*, 314-1803 (1970).

If we examine the legislative standards provided to the Zoning Board of Adjustment and conclude that the citizen property owner has an affirmative duty to fill the record with sufficient evidence to show that he will not be in violation, we would be asking the property owner to either be an expert, or hire experts, or expend great sums of money to prove many things about the community which the zoning board, because of its particular expertise, would already know. How can a citizen determine whether his application on a single small lot in a city of literally millions of people, or in a neighborhood of thousands of people, will or will not adversely affect the water, sewer, park and other public facilities? This was not the intent of the legislature in

providing standards to the Zoning Board of Adjustment. The Zoning Board must make its ultimate findings and if it finds that the grant of the request will violate the standards, the Zoning Board must see to it that the record contains sufficient basic findings from the evidence to sustain their ultimate findings.

If the section of the Philadelphia Ordinance placing a duty of presenting evidence upon the applicant is read in any other way than as limiting this duty to evidence concerning the applicant's own property, I would find serious constitutional problems with that section of the Philadelphia Ordinance.

Zoning Boards deal regularly with problems of the city and the community. It is the zoning board that is aware of where and why the city is going in matters of zoning and planning. The Board can apply this knowledge in making its determinations as long as it provides a court with basic findings grounded in evidence to sustain its ultimate findings that the standards would be violated.

In this case, David Rubin has asked to use his property for a use which is permitted in the district so long as the legislative standards are not violated. The Board has found that these standards are violated but has not provided this court with any *foundation* to establish that these standards have been violated. On the other hand, Rubin, the property owner, has provided sufficiently detailed information as to the use he desires for his property, and the controls which he would impose on this use. I would remand this case to the Zoning Board of Adjustment for a reconsideration of Rubin's request, with instructions that its ultimate findings as to whether or not the legislative standards are violated must be sustained by basic findings either from the evidence or from their expertise knowledge of the community. If this court does not have such information, judicial review is not possible.