Zoning Board of Adjustment of the City of Philadelphia and Torresdale Protestants Committee, Appellants, *v.* Liberty Bell Medical Center, Appellee.

Argued October 10, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Steven B. Berger,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant Board.

*Stanley F. Mankas,* with him *Bellwoar, Rich & Mankas,* for intervening appellant.

*Samuel P. Lavine,* with him *John P. Quinn,* and *Steinberg, Greenstein, Richman & Price,* for appellee.

OPINION BY JUDGE BLATT, February 3, 1975:

Liberty Bell Medical Center (Liberty Bell) is a limited partnership consisting of five doctors and a corporation whose stock is owned exclusively by the five doctor-members of the partnership. It owns the purchase rights to a 2.14 acre lot located in an R-4 residential district in the Torresdale section of Philadelphia, where it desires to demolish an existing building and to erect a medical center consisting of two structures of one and two stories respectively. The doctors presently maintain individual private officers of their own in the general vicinity, but they believe that combining offices on this property will provide a more economical use of their clerical and technical resources.

Under the Philadelphia zoning ordinance, a medical center is permitted in an R-4 district only if the applicant for that use obtains a use certificate which is identical to a special exception as such is provided for in many other zoning ordinances.

Liberty Bell, therefore, applied to the Zoning Board of Adjustment (Board) for such a use certificate.

Section 14-1803 of the Philadelphia Code provides as follows with respect to the grant of a use certificate: "(1) The Zoning Board of Adjustment shall consider the following criteria in granting a Zoning Board of Adjustment Certificate under §14-1801(1)(d): (a) that the grant of the Certificate will not substantially increase congestion in the public streets; (b) that the grant of the Certificate will not increase the danger of fire or otherwise endanger the public safety; (c) that the grant of the Certificate will not over-crowd the land or create an undue concentration of population; (d) that the grant of the Certificate will not impair an adequate supply of light and air to adjacent property; (e) that·the grant of the Certificate will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities; (f) that the grant of the Certificate will not adversely affect the public health, safety or general welfare; (g) that the grant of the Certificate will be in harmony with the spirit and purpose of this Title, and (h) that the grant of the Certificate will not adversely affect in a substantial manner any area redevelopment plan approved by the City Council or the Comprehensive Plan for the City approved by the City Planning Commission. (2) The aplicant shall have the duty of presenting evidence relating to the criteria set forth herein."

Liberty Bell also applied for a variance, and, after a hearing, the Board denied the use certificate on the basis that Liberty Bell had failed to present the required evidence specifically with respect to provisions (1)(a), (b), (c), (e), (f) and (g) of Section 14-1803. The Board also denied the variance. Liberty Bell then appealed to the Philadelphia Court of Common Pleas which, without taking additional evidence, affirmed the Board's denial of the variance but reversed the Board's denial of the use certificate. Only the Board and the Torresdale Protestants

Committee as intervenors have appealed to this Court.[1] We are confronted, therefore, only with the question of whether or not the use certificate should have been granted.

Where, as here, the lower court has taken no additional testimony on an appeal from a zoning board but has relied entirely on the record compiled before the Board, our scope of review is limited to determining whether or not the Board committed an abuse of discretion or an error of law. *Clawson v. Harborcreek Zoning Hearing Board,* 9 Pa. Commonwealth Ct. 124, 304 A. 2d 184 (1973.

Liberty Bell's witnesses at the hearing described generally the proposed structures as well as the extent and nature of their anticipated use. They also testified concerning parking and automobile access along with the foreseeable effect of the medical center upon traffic patterns in the area. The Board and the intervenors assert, however, that Liberty Bell has not presented sufficient evidence to satisfy the burden imposed upon it by Section 14-1803(2) of the ordinance.

In *Rubin v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 406, 274 A. 2d 208 (1971) we had occasion to consider whether or not an applicant for a use certificate in Philadelphia, under the terms of the same ordinance here concerned, had presented sufficient evidence to satisfy his burden of proof. In that case we recognized that the proposed use, a parking lot, would be of benefit to the neighborhood and we even acknowledged that the applicant probably could have supported all of the specific criteria set forth in Section 14-1803. We found, however, that the applicant had not satisfied his

---

1. Although the Board itself cannot take an appeal, an appeal in the name of the Board is considered to have been taken by the City of Philadelphia. *See Edwards Zoning Case,* 392 Pa. 188, 140 A. 2d 110 (1958); *Philadelphia v. Earl Scheib Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 301 A. 2d 423 (1973).

burden of presenting evidence on those criteria and we held, therefore, that the Board properly denied the use certificate.

Although Liberty Bell in this case did sufficiently demonstrate that the proposed use would cause no substantial traffic problems, it did not present any evidence whatever to negate the possibility of a fire hazard or to demonstrate the effect of the proposed use upon public water or sewer facilities. Under our decision in *Rubin, supra,* the failure to present any such evidence was fatal and we must conclude, therefore, that the Board properly denied the certificate.

We hasten to add that the applicant is not required to negate every conceivable but unvoiced objection to the proposed use. *Derr Flooing Company, Inc. v. Whitemarsh Township Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 341, 285 A. 2d 538 (1971). The Board was in error, therefore, insofar as it held that Liberty Bell had failed to present sufficient evidence to meet the general requirements of Section 14-1803 (f) and (g). But, where the ordinance also contains more specific requirements and imposes the burden upon the applicant to present evidence on those requirements, it is the initial duty of the applicant to show that he has complied with them. Liberty Bell, the applicant in this case, has failed to do this.

The order of the lower court is, therefore, reversed and the order of the Board denying the certificate is reinstated.

