Marwood Rest Home, Inc., Appellant *v.* Zoning Board of Adjustment and East Oak Lane Civic Assn. and Murray H. Shusterman, Appellees.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Carl K. Zucker,* with him *Reuben E. Cohen,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellant.

*Claudia Kapustin,* Assistant City Solicitor, with her *James M. Penny, Jr.,* Assistant City Solicitor, *Raymond Kitty,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellees.

OPINION BY JUDGE BLATT, January 9, 1976:

In this action Marwood Rest Home, Inc. (Marwood) appeals from an order of the Court of Common Pleas of Philadelphia County affirming the decision of the Zoning Board of Adjustment (Board) which denied permits to construct an addition to Marwood's currently existing rest home facility located in the East Oak Lane section of Philadelphia.

Marwood's current facility is a 30-bed rest home in an R-4 Residential Zone. In order to meet safety criteria and to remain economically viable, Marwood proposed to construct a three-story, 138 bed structure interconnecting to the existing home, and such construction is permitted in R-4 districts upon certification by the Board. Such certification, of course, amounts to the grant of a special exception, a permitted use, once the applicant has demonstrated that he meets the criteria set forth in the zoning code. *Zoning Board of Adjustment of the City of Philadelphia v. Liberty Bell Medical Center,* 17 Pa. Commonwealth Ct. 213, 331 A.2d 242 (1975). When the Bureau of Licenses and Inspections denied Marwood's request for building permits, an appeal was made to the Board, and the Board concluded that Marwood had not met the requirement of the zoning code for a minimum side-yard space of ten feet between the parking spaces noted in the Marwood site plans and the structures to be erected. The Board also concluded that Marwood had not met certain other criteria necessary for the grant of a certificate of use. The Board refused to grant Marwood a variance from the side-yard requirement, and the building permits were therefore refused. Marwood ap-

pealed to the Court of Common Pleas of Philadelphia County which dismissed the appeal upon review of the record developed before the Board. This appeal followed.

Our scope of review in zoning appeals where the court below did not take additional evidence, as was the case here, is to determine whether the zoning board committed an error of law or abused its discretion. *Soble Construction Company v. The Zoning Hearing Board of the Borough of East Stroudsburg,* 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974). After examining the applicable provisions of the zoning code here involved and after carefully examining the evidence of record we must affirm the decision of the Board.

With respect to the side-yard requirements for the proposed open-air parking, Section 14-1402(5)(b)(.1)(.b) of the zoning code provides that "there shall be the minimum side yard between such open-air parking and *any* structure." (Emphasis added.) According to the parties here, the minimum side-yard requirement for the project concerned would be ten feet. Section 14-205(2)(f)(.3). Here then, Marwood's open-air parking *should* be separated from the proposed new structure by at least ten feet. According to the findings of the Board, however, Marwood's proposed parking spaces are located only five feet from the proposed structure, and our examination of the record supports this finding with respect to at least four of the parking spaces in Marwood's site plan.[1] As a result, we see no reason to disturb the findings as made. In addition, we can find no abuse of discretion on the

---

1. The site plan reveals a row of 9 or 10 parking spaces which parallels the ground floor of the proposed structure at a distance of approximately 6 feet 2 inches by our calculations. The first floor projects over all but four of these spaces thereby raising an issue as to whether or not the spaces under the projection are subject to the open-space parking side-yard requirements. It is, however, unnecessary to reach that issue, for the remaining four spaces clearly are open-space parking and are therefore subject to the requirement. See Section 14-102(39).

part of the Board in refusing to grant Marwood a variance from this requirement, for there was no evidence produced which indicated that the property was subject to any unique hardship or that it was incapable of being developed in conformity with these requirements.

Besides Marwood's failure to meet the parking space side-yard requirements of the zoning code, the Board also concluded that the criteria necessary for the grant of a certificate enumerated in Section 14-1803(1)[2] of the code had not been satisfied. Under Philadelphia's zoning code the burden is upon the applicant to demonstrate that it has met those criteria. See Section 14-1803(2). And while Marwood had attempted to meet its burden with affirmative testimony, the testimony of the protesting appellees tended to contradict that evidence. One such protestant attempted to demonstrate that resuting traffic patterns would present a danger to school children, and another protestant expressed concern with the increased concentration of population and institutional uses. Indeed, the City Planning Commission recommended that the proposed structure not be approved. While we do not believe that much of this evidence was of the strongest character, we cannot find that the Board abused its discretion in concluding that Marwood had not sustained its burden. The decision of the Zoning Board of Adjustment is, therefore, affirmed.

---

2. *See Zoning Board of Adjustment of the City of Philadelphia v. Liberty Bell Medical Center*, 17 Pa. Commonwealth Ct. 213, 331 A.2d 242 (1975).