B & B Shoe Products Company *v.* The Zoning Hearing Board of Manheim Borough and The Borough of Manheim. The Borough of Manheim, Appellant.

Argued October 7, 1976, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*W. Jeffrey Sidebottom,* with him *Barley, Snyder, Cooper & Barber,* for appellant.

*Frank P. Mincarelli,* with him *Charles B. Grove, Jr.,* and *May, Grove, Stork & Blakinger,* for appellee.

OPINION BY JUDGE BLATT, February 4, 1977:

This is an appeal from an Order of the Court of Common Pleas of Lancaster County which reversed the Manheim Borough Zoning Hearing Board's (Board) denial of an application for a special exception so that the B & B Shoe Products Company (B & B) could expand its nonconforming use.

B & B proposed to build an addition to its shoe manufacturing plant located in a district which, after the business had been established, had been zoned R-3 Residential. As a lawful nonconforming use, B & B needed the Board's approval to expand, as prescribed by Section 1801(1) of the Manheim Borough Zoning Ordinance (Ordinance):

> EXPANSION OF NONCONFORMING USES. A nonconforming use shall not be expanded unless an appeal has been filed with the Zoning Hearing Board and such expansion has been approved as a special exception. The Board shall apply the following criteria:

a. The proposed expansion shall not exceed fifty (50) percent of the square foot area used at the time this Zoning Ordinance becomes effective.

b. The proposed expansion shall not cause an increased detrimental effect on surrounding properties.

After a hearing, the Board denied the special exception[1] without making specific findings of fact. On appeal to the Court of Common Pleas of Lancaster County, the Borough of Manheim (Borough) intervened and requested that the matter be remanded to the Board for specific findings, and this was done. The Board then forwarded findings to the court that the B & B property, prior to any expansion, did not have sufficient parking facilities as required under Section 1402.9 of the Ordinance,[2] and that the proposed expansion would further reduce the area that could be used for off-street employee parking.[3] On the basis of these findings, the Board concluded that "[t]he proposed expansion would be detrimental to the public health, safety and welfare of the surrounding area in that it would cause an increased detri-

---

[1] B & B's original plan would have exceeded the fifty percent square foot area thereby necessitating a variance. The plan was revised, however, to meet the lot coverage requirement and, therefore, the variance request was withdrawn at the time of the hearing.

[2] Section 1402.9 minimum parking requirements are:

MANUFACTURING OR INDUSTRIAL ESTABLISHMENT. One (1) space for each two (2) employees computed on the maximum number of employees on the premises at any one time.

[3] Section 1401.5 of the Ordinance requires all parking "on the premises, or in a common parking facility located adjacent to the premises, except that after Zoning Hearing Board approval, all or part of the required number of spaces may be provided on a separate lot or lots within five hundred (500) feet from such premises."

mental effect on the surrounding properties." The lower court reversed, ordering the Board to grant the special exception on the ground that the Board's conclusion concerning the detrimental effect of the expansion was not supported by the evidence. The Borough has now appealed.

Our scope of review where, as here, the lower court has taken no additional evidence is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Marwood Rest Home, Inc. v. Zoning Board of Adjustment,* 22 Pa. Commonwealth Ct. 567, 349 A.2d 800 (1976). The court below, of course, was prohibited from substituting its own findings and conclusions unless the Board had capriciously disregarded the evidence or manifestly abused its discretion. *Lower Southampton Township v. B. P. Oil Corp.,* 16 Pa. Commonwealth Ct. 108, 329 A.2d 535 (1974).

On the basis of the record, we do not believe that the Board did abuse its discretion in denying the special exception requested by B & B. Our Supreme Court has clearly held that whether or not sufficient parking space is available may properly be considered when a zoning board is asked to approve a special exception for expansion of a nonconforming use, *Everson v. Zoning Board of Adjustment,* 395 Pa. 168, 149 A.2d 63 (1959), and the Board here had complaints from several neighborhood residents that a parking problem existed in the vicinity of the B & B property. The record also contains a petition signed by twenty-four residents of the street on which the shoe factory is located, requesting the Board to prohibit B & B's expansion for several reasons, including the "present and potential parking problems and traffic congestion due to the increasing number of employees and deliveries."

The president of B & B admitted that, if the proposed expansion were approved, he would hire twenty-eight to thirty persons in addition to the approximately forty persons presently employed. As to the parking problem, he presented a letter to the Board from the trustees of a nearby church which granted permission for B & B employes to use the church parking lot "as long as it does not conflict with any church activities." The Board, in its discretion, specifically found this arrangement to be unsatisfactory because parking would not be permitted during weekday funerals and because the agreement could be terminated by the church at any time. Although this Court may have decided differently, neither we nor the court below may impose our own findings, and we believe that the court below erred when it attempted to do so.

B & B argues that the Board committed an error of law when it imposed on the company the burden of proving that the expansion, if approved, would not cause an increased detrimental effect on surrounding properties. And, ordinarily, once an applicant for a special exception shows that the proposed use is permitted under the ordinance, the burden of establishing that such use would violate the health, safety, and welfare of the community does fall upon those who oppose the issuance of a special exception. *Fantastic Plastic, Inc. v. Zoning Board of Adjustment,* 16 Pa. Commonwealth Ct. 455, 332 A.2d 577 (1975). Placing the burden upon the protestants is consistent, of course, with the principle that a property owner has a constitutional right to expand a lawful nonconforming use to meet natural business expansion so long as the health, safety, and welfare of the community is not jeopardized. *Thayer v. Lower Milford Township,* 16 Pa. Commonwealth Ct. 124, 343 A.2d 92 (1974). However, it is also the policy of the law to restrict

closely such nonconforming uses and to construe strictly provisions in zoning ordinances which provide for their continuance. *Hauser v. Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 313, 341 A.2d 566 (1975).

We have upheld ordinances which contain specific requirements and which impose on the applicant an initial duty to show that he has complied with them. *Zoning Board of Adjustment v. Liberty Bell Medical Center,* 17 Pa. Commonwealth Ct. 213, 331 A.2d 242 (1975); *Marwood Rest Home, Inc. v. Zoning Board of Adjustment,* 22 Pa. Commonwealth Ct. 567, 349 A.2d 800 (1976). Furthermore, we have discussed the shifting of the burden of proof from those who oppose a special exception to the applicant therefor:

In the case of a special exception the ordinance may set forth all manner of reasonable conditions for the protection of the health, safety and general welfare of the community which the applicant must meet. See Rubin v. Zoning Board of Adjustment (Philadelphia), 1 Pa. Commonwealth Ct. 406, 274 A.2d 208 (1971). This is not to say, however, that the burden is such that the applicant must negate every conceivable and unvoiced objection to the proposed use. That would be an unreasonable burden. Once an applicant has met the burden of proving his compliance with all of the specific conditions and requirements of the zoning ordinance, he has met his initial burden of proof. If the protestants to the issuance of a special exception raise specific issues concerning health, safety and general welfare, then the burden would continue to be with the applicant. The applicant would be required to come forward to meet the objections so as to show

that the intended use would not violate the health, safety and general welfare of the community with relation to said objections. It would then be the duty of the Board in the exercise of its discretionary power to determine whether or not the applicant had met his burden of proof.

*Derr Flooring Company, Inc. v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 341, 347-48, 285 A.2d 538, 542 (1972).

We believe that the Ordinance here does impose upon B & B a general burden of proving that its proposed expansion "shall not cause an increased detrimental effect on surrounding properties." We further believe that, when neighbors raised the specific issue of an existing parking problem which would certainly be exacerbated if additional employes are hired, and when B & B was required to meet those objections by showing that there could be no increased detrimental effect, the Board properly found that this burden was not met and concluded that the effect on surrounding properties would be sufficiently detrimental to the public health, safety, and welfare of the community to warrant the denial of the request to expand.

After considering all of the facts, we can find no manifest abuse of discretion or error of law on the part of the Board. The order of the lower court is, therefore, reversed, and the decision of the Board denying B & B's request for a special exception is reinstated.

### Order

And Now, this 4th day of February, 1977, the Order of the Court of Common Pleas of Lancaster County is hereby reversed, and the decision of the Manheim Borough Zoning Hearing Board, dated September 15, 1975, is affirmed.