ST. GEORGE'S EPISCOPAL CHURCH *et al.,* Plaintiffs-Appellants, *v.* BOARD OF APPEALS OF THE CITY OF BELLEVILLE *et al.,* Defendants-Appellees.

Fifth District   No. 77-407

Opinion filed August 4, 1978.—Rehearing denied September 6, 1978.

Thomas A. Thebus, of Thebus, Allen & Huetsch, of Belleville, for appellants.

Sprague, Sprague, & Ysursa, of Belleville (Robert J. Sprague, of counsel), for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Appellants, St. George's Episcopal Church, James D. Young, Phyllis L. Young, William P. Hill, Jack E. Morris and Mina D. Morris, seek to reverse the decision of the Zoning Board of Appeals of the City of Belleville, which authorized the granting of a nonconforming use permit. The Board of Appeals decision was sustained by the circuit court of St. Clair County in Administrative Review.

The property in question is known as Lot 5, excepting the south one foot, Lots 6, 7, 8 and 9, and out-lots A and B of Bissel and Pensoneau's Addition to the City of Belleville, Illinois, and commonly known as 314-318 North High Street. The pertinent facts show that the City of Belleville passed a comprehensive zoning ordinance on December 20, 1965, which placed the subject property in a zoning district known as B-1 Multifamily District. At the time of the passage of the zoning ordinance, the property was utilized as a farm implement dealership. The farm implement dealership ceased operation in August 1973. On April 26, 1974, the zoning commissioner for the City of Belleville issued a certificate of nonconforming use for the property specifying that its use was that of a farm retail outlet, storage, and warehouse. In fact, the property was vacant at that time. The property remained vacant from August 1973 until April or May, 1975, when a portion of the property was put into use as a warehouse to store roofing materials. On September 20, 1976, the present

owner of the premises made application for nonconforming use permit to allow the operation of a motor vehicle inspection station, parts storage and motor vehicle repair business. No permit was issued as such, but the zoning commissioner did issue an opinion that the property could be so used. Plaintiffs-appellants appealed this decision to the Zoning Board of Appeals which held a hearing on October 28, 1976, upholding the zoning commissioner's decision. It is conceded that the use of the property from 1966 to 1973 and the current proposed use by the owner would both be conforming uses in C-2, heavy commercial zoning district.

The pertinent ordinance of the City of Belleville is as follows:

## "SECTION 9.
### NON-CONFORMING USES

1. *Continuation of Use*:

A use, building or structure which shall be made non-conforming at the passage of this ordinance or any applicable amendment thereto may be continued except as otherwise provided in this Ordinance.

2. *Certificate of Non-Conforming Use*:

a. Every person occupying or using any premises, including land, buildings or structures, or portions thereof, for a use or purpose not designated as a permitted one in the district in which such premises are located, at the time this ordinance goes into effect, shall apply for a 'Certificate of Non-Conforming Use.' Such application shall be made to the zoning enforcement officer, and shall describe the use made of the premises, and the time such use has continued. Each such application shall be verified by affidavit.

b. It shall be unlawful to use any premises for any use or purpose not designated as a permitted use in the district concerned, other than that designated in such certificate of non-conforming use.

c. Application for a certificate of non-conforming use shall be made by July 1, 1966. The zoning enforcement officer shall issue such certificates as soon as possible after application thereof has been received. The issuance of such a certificate shall be no defense to an action violating the provisions of this section, or of any section of this ordinance, if the statements in the application are found to be false.

3. *Displacement*:

a. A non-conforming use may be changed into a conforming use.

b. Whenever a non-conforming use of a building has been changed to a more restricted use or to a conforming use such shall not thereafter be changed to a less restricted use.

c. If no structural alterations are made, a non-conforming use of a building may be changed to another non-conforming use of the

same or more restricted classification. The foregoing provisions shall also apply to non-conforming uses in districts hereafter changed.

* * *

7. *Termination of Non-Conforming Uses*:

Certain types of non-conforming uses or structures which are abandoned, of limited value, or which present a special nuisance or hazardous condition shall be terminated as follows:

*Abandonment*: A non-conforming use of a building or premises which have been abandoned shall not thereafter be returned to such non-conforming use.

A non-conforming use shall be considered abandoned:

a. When the intent of the owner to discontinue the use is apparent or,

b. When the characteristic equipment and the furnishings of the non-conforming use have been removed from the premises and have not been replaced by similar equipment within 2 years, unless other facts show intention to resume the non-conforming use, or,

c. When it has been replaced by a conforming use, or,

d. When it has been changed to another use under permit from the Board of Zoning Appeals."

Appellees argue that under section 9.3(c) of the Belleville Ordinance, the change of use from farm retail outlet, storage and warehouse to the use now proposed is a change of nonconforming use within the same "classification" and therefore authorized by that section.

■■ The fact that the use in 1966 and the proposed use would both be permitted in the C-2 district does not necessarily mean that the uses are of the same "classification" as required in section 9.3(c). *Price v. Ackmann* (1951), 345 Ill. App. 1, 102 N.E.2d 194, involved essentially the same ordinance provision. The ordinance stated:

"If no structural alterations are made in the building, non-conforming use of such building may be changed to any other use permitted in the same district as that in which the use existing at the time of the adoption of this ordinance is permitted."

The facts involved the transformation of an old-fashioned carpentry shop to a modern mechanized shop turning out millwork and would result in high noise levels plus additional human congestion in the area. Such a change was disallowed.

■■ Even if the nonconforming use status is not abandoned, the property is being used as a passive warehouse and the proposed use is of much greater intensity and cannot be said to be of the same "classification" even though it might be allowed in the same district.

■■ Under section 9.7(c) of the Belleville Ordinance, it is clear on the record that the use of the property in existence at the time the ordinance

was passed on December 20, 1965, has been abandoned. Any further nonconforming use is in violation of the ordinance. The usage of the farm retail outlet, storage and warehouse is the usage indicated on the certificate granted in 1974. That certificate was issued at the time that the property was in fact not being used at all. The issuance of the certificate does not change the facts. The usage of the property in 1965 was that of a farm implement dealership. That usage ceased in August 1973 and the characteristic equipment and furnishings of that use were removed from the premises and have not been replaced by *similar* equipment within two years thereafter. What happened thereafter was that the property was used as a warehouse to store roofing materials beginning in April or May of 1975. It is our opinion that the facts, which are not really in dispute, show an abandonment and not a change of nonconforming use to another nonconforming use of the same or more restrictive classifications.

■■ The elimination of nonconforming uses is a basic and primary objective of zoning ordinances. (Annot., 18 A.L.R.2d 725 (1951).) The ordinance of Belleville is no exception. It sets up various districts in which certain uses are permitted. No other uses are permitted within those various districts and the general scheme of the ordinance is to provide that similar uses be placed together. A use which does not fit in with a certain type of district has no place in that district and the nonconforming uses which do exist at the time of the rezoning are expected to change over to conforming uses unless they are strictly kept. (*B & B Shoe Products Co. v. Zoning Hearing Board* (1977), 28 Pa. Commw. 475, 368 A.2d 1332, 1334.) The Board of Appeals determination that there was no abandonment of the nonconforming use is against the manifest weight of the evidence. In fact, the only evidence presented showed the facts as set forth above.

The order of the circuit court of St. Clair County is reversed, and the cause is remanded to the zoning commissioner with directions that the application for the nonconforming use permit be denied and such further proceedings as may be consistent with this opinion.

Reversed and remanded with directions.

JONES and KARNS, JJ., concur.