## Colin v. Philadelphia Zoning Board of Adjustment

*Jacob S. Richman*, for appellant.

*Steven B. Berger*, for Zoning Board of Adjustment.

GELFAND, *J.*, June 8, 1979—The matter before the court is an appeal by Abdel Colin (Colin) from a decision of the zoning board of adjustment (board) denying his request for a new hearing after two previous applications for a zoning board of adjustment certificate were refused.

The premises are located at 1137-39 S. Cecil Street in Philadelphia in an area classified "G-2 Industrial" wherein the dismantling, storage and sale of used and inoperative motor vehicles is only permitted with the acquisition of a use certificate.[1]

Where no additional evidence is presented, the scope of review of this court when hearing an appeal from the board is to determine from the record whether it has committed a manifest abuse of discretion or error of law in reaching its determination: Pyzdrowski v. Pittsburgh Board of Adjustment, 437 Pa. 481, 263 A. 2d 426 (1970); Pfile v. Borough of Speers, 7 Pa. Commonwealth Ct. 226, 298 A. 2d 598 (1972).

In the matter herein, when Colin applied for a certificate in 1971, it was refused because he failed to produce sufficient evidence to satisfy the criteria necessary for its issuance.[2] However, despite this

---

1. Philadelphia Zoning Ordinance §14-508(1).

2. Philadelphia Zoning Ordinance §14-1803. "Criteria for Granting Zoning Board of Adjustment Certificates.

(1) The Zoning Board of Adjustment shall consider the following criteria in granting a Zoning Board of Adjustment Certificate under §14-1801(1)(d):

(a) that the grant of the Certificate will not substantially increase congestion in the public streets;

refusal, he continued to operate his business in violation of the zoning code. Thereupon, after the City of Philadelphia sought injunctive relief to prevent further noncompliance with the code, Colin again applied for a certificate. Subsequently, in accordance with Rule III(10) of its regulations,[3] the board refused to grant him a hearing because of the outstanding violation. The following year, Colin filed a

    (b) that the grant of the Certificate will not increase the danger of fire or otherwise endanger the public safety;
    (c) that the grant of the Certificate will not overcrowd the land or create an undue concentration of population;
    (d) that the grant of the Certificate will not impair an adequate supply of light and air to adjacent property;
    (e) that the grant of the Certificate will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities;
    (f) that the grant of the Certificate will not adversely affect the public health, safety, or general welfare;
    (g) that the grant of the Certificate will be in harmony with the spirit and purpose of this Title, and
    (h) that the grant of the Certificate will not adversely affect in a substantial manner any area redevelopment plan approved by the City Council or the Comprehensive Plan for the City approved by the City Planning Commission.
    (2) The applicant shall have the duty of presenting evidence relating to the criteria set forth herein."

3. Regulations Governing Practice Before the Zoning Board of Adjustment of the City of Philadelphia. Rule III(10) "Except by special permission of the Board, no rehearing will be permitted, after a final determination by the Board or by a Court on appeal therefrom, for one (1) year from the date of such final determination. In addition, no rehearing will be permitted, after a final determination by the Board, or by a Court on appeal therefrom, until the premises in question have been brought into compliance and remained in compliance with that final determination for at least one (1) year."

new application to obtain a certificate but was again rebuffed for the same reason. It is that refusal which is the subject of this appeal.

Colin contends the first part of Rule III(10) mandating a one year interval between hearings applies to a "rehearing" and not to a "new application" as he has denominated his request. A similar argument was made to the court by an appellant in Lanciano v. Zoning Board of Adjustment, 45 D. & C. 2d 217 (1968), after the board invoked Rule III(10), and the court held that where a previous applicant has been denied a variance for the same purpose sought by the appellant, the hearing afforded the predecessor was binding on the appellant since the requirements for a variance depend on proof of hardship peculiar to the property and not to the individual.

Rule III(10) applies to all final decisions made by the board; hence, it includes certificate as well as variance refusals. Although a request for a certificate does not require proof of hardship, it does require proof that the use sought does not adversely affect the public interest in the same manner as does a request for a variance; and there is no basis to treat an application for its issuance any differently than that required for a variance, particularly where the same party has already made multiple applications and has been given ample opportunity to be heard.

Colin also claims the second part of Rule III(10), which denies a rehearing until the premises have been brought into compliance and remained so for one year is unconstitutional as applied to him. He asserts that there is a denial of his right to a hearing because a change of circumstances materially af-

fecting the merits of his case occurred subsequent to the refusal of his original application.[4]

In order to buttress this position, he directs the court's attention to cases which require a new hearing before the board where an area is reclassified to permit different uses,[5] or where the factual posture changes[6] subsequent to the denial of an application. He alleges that this concept of a change of circumstances encompasses his position because our Commonwealth Court decided the case of Citizens For a Clean Environment v. The Zoning Hearing Board of Hanover Township, 23 Pa. Commonwealth Ct. 12, 17, 350 A. 2d 419 (1976), subsequent to the initial refusal of his application, and that decision established a substantial basis for granting his application.

We need not reach this issue since Colin misinterprets the effect that the Citizens case has on the matter in which he is involved. It is his view that the court there decided that a zoning board must grant a special exception for a junkyard unless parties adverse to the applicant can show the impact of that use upon the public interest is greater than

---

4. In Lanciano, supra, the court took cognizance of such an argument where the applicant alleged that since the date of the last refusal, new uses had been created in the neighborhood which were not incompatible with that requested by him. The court noted that the phrase "by special permission" could be understood to apply only to the one year interval requirement and might not be interpreted to allow the waiver of compliance. It held that while such a reading might make Rule III(10) appear unreasonable, in any case, that determination was not before the court, but left within the discretion of the board.

5. Triolo v. Exley, 358 Pa. 555 (1948).

6. Fisher Building Permit, 355 Pa. 364 (1946).

that normally expected from such uses. However, he fails to recognize that the Citizens decision was based on Soble Construction Co. v. The Zoning Hearing Board of East Stroudsburg, 16 Pa. Commonwealth Ct. 599, 329 A. 2d 912 (1974) and, that in both instances the incident took place in jurisdictions where the applicable zoning code placed "[t]he burden on the township and the protesting neighbors, if there are any, to prove by evidence that the impact of the requested use in its normal operation would be injurious to the public health, safety and welfare." Zoning Hearing Board v. Konyk, 5 Pa. Commonwealth Ct. 466, 471, 290 A. 2d 715 (1972).

However, the location of Colin's property is in Philadelphia, and, to his misfortune, the burden is on the applicant to present evidence relating to the criteria necessary for the grant of a certificate.[7] An "applicant is not required to negate every conceivable but unvoiced objection to the proposed use . . . [but] where the ordinance also contains more specific requirements and imposes the burden upon the applicant to present evidence on those requirements, it is the initial duty of the applicant to show that he has complied with them." Zoning Board of Adjustment of the City of Philadelphia v. Liberty Bell Medical Center, 17 Pa. Commonwealth Ct. 213, 217, 331 A. 2d 242 (1975).

As a result, we cannot say the Citizens case formulated a new interpretation of the zoning law applicable to Colin's property.

Accordingly, the decision of the board refusing to

---

7. Philadelphia Zoning Ordinance, §14-1803(2). See Footnote 2.

grant Colin a new hearing for a certificate does not constitute an error of law or abuse of discretion.

Consequently, this court did issue the following

## ORDER

And now, to wit, July 10, 1978, upon consideration of briefs and oral argument, the appeal of petitioner is denied and the decision of the zoning board of adjustment denying the requested certificate is affirmed.