In Re: Appeal of French Adult Books, Inc. from the Bristol Township Zoning Board of Adjustment. French Adult Books, Inc., Appellant.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Paul Shalita,* with him *Pierson, Jones & Nelson,* for appellant.

*Leonard B. Sokolove,* with him *Sokolove, Pechter, Stief & Waite,* for appellee.

OPINION BY JUDGE BLATT, July 27, 1979:

The appellant, French Adult Books, Inc., appeals here from the denial of its application for a special exception to permit the erection of coin-operated motion picture projectors in individual booths ("peep shows") within its bookstore, which is located in a commercially-zoned area of Bristol Township.

The Bristol Township Building Inspector initially denied the appellant's occupancy and zoning application on the basis that the proposed use constituted a "place of amusement, recreation or assembly" and that a special exception was therefore required. The appellant then applied to the Bristol Township Zoning Board of Adjustment (Board) for a special exception to erect the "peep shows," and the Board held that the proposed use would substantially injure and detract from the value of neighboring properties and would create further problems of fire protection and

traffic control for the Township. The application was therefore denied. On appeal before the court below, the appellant argued that the Board had abused its discretion in denying the special exception and in the alternative argued that the proposed use was an "accessory" use to the bookstore and that no special exception should have been required. The court held, however, that "peep shows" were not an accessory use to the sale of books, that the appellant's store was not a place of amusement, recreation or assembly and that the permit was properly denied. This appeal followed.

The relevant portion of the Bristol Township Zoning Ordinance regarding commercial districts provides as follows:

A building may be erected or used for any of the following purposes, and no other:

. . . .

2. Retail Store. . . .

11. The following uses when authorized by the Zoning Hearing Board as a special exception:

b. Place of amusement, recreation or assembly when conducted indoors. . . .

. . . .

13. Accessory use on the same lot with and customarily incidental to any of the above permitted uses. . . .

The appellant argues first that the proposed "peep shows" are an accessory use to its adult bookstore, and that, therefore, a special exception was not required. We would agree that the lower court's denial of this contention is justified in a general sense, although as a practical matter "peep shows" have been considered as customarily incidental to the so-called "adult" bookstore. *Township of Whitehall v.*

*Fames,* 36 Lehigh L. J. 164 (1974). The court noted, however, that the record presented to the Board here was entirely devoid of testimony which would support a conclusion that, in this instance, "peep/shows" actually are an accessory use. In fact, this issue was never raised before the Board, and, no additional testimony having been taken by the court, our review is consequently limited to a determination of whether or not the Board committed an error of law or was guilty of a manifest abuse of discretion. *B & B Shoe Products Co. v. Zoning Hearing Board,* 28 Pa. Commonwealth Ct. 475, 368 A.2d 1332 (1977). We find no such error of law or abuse of discretion here.

The appellant next argues that the Board abused its discretion and committed an error of law in denying the application for a special exception. The Board here found that the appellants would have been entitled to a special exception as a "place of amusement, recreation or assembly" if the general conditions set forth in the zoning ordinance had been met. It found, however, that Sections 171 and 177 of the ordinance would be violated because the proposed use would violate the spirit, purpose and intent of the zoning ordinance; that the proposed use would substantially detract from the value of the neighboring property and from the character of the neighborhood; and that the proposed use would not serve the best interest of the township, the convenience of the community or the public welfare because it would create further problems of fire protection and traffic control. The Board also found that there would be inadequate parking space. Although this Court may have decided differently, we cannot conclude that there was a manifest abuse of discretion or error of law in this regard on the part of the Board.

The order of the lower court, therefore, and the decision of the Board will be affirmed.

### Order

And Now, this 27th day of July, 1979, the order of the Court of Common Pleas of Bucks County and the decision of the Bristol Township Zoning Board of Adjustment in the above-captioned matter is hereby affirmed.