## Dziedzic v. Zoning Hearing Board of Upper Hanover Township

*Luke F. McLaughlin,* for appellant.
*Gregory S. Bhen* and *Gerald J. Mullaney,* for appellee.

MOSS, *J.,* December 1, 1980—The Board of Supervisors of Upper Hanover Township at a meeting on or about June, 1978, concluded that John W. Dziedzic, Jr. (hereinafter called appellant) was conducting an automobile repair business and automobile body repair business on premises in a residential zoning district. The solicitor of the board notified appellant to discontinue the said uses, but that he had the right to appeal from the notice if he wished to contend that his use was lawful.

On July 18, 1978, appellant filed his application to the Upper Hanover Township Zoning Hearing Board for a permit to use the property for auto repairs and auto body repairs. The zoning hearing board held a hearing on October 4, 1978. The board entered an order denying the appeal from the board of supervisors, and ordered appellant to cease and desist from conducting an automobile body and repair business on the premises.

Appellant then took an appeal to this court from the order of the board of supervisors. No further testimony was adduced before this court. Hence our scope of review is limited solely to the record

taken before the zoning board and to the questions of whether or not the zoning hearing board clearly abused its discretion or committed an error of law: Polizzi v. Zoning Board of Adjustment, 420 Pa. 405, 407, 218 A. 2d 226 (1966). As long as there is sufficient evidence to sustain the board's findings, the court may not substitute its findings for those of the board or substitute its judgment on questions of fact: Udylite Corp. v. Phila. Zoning Board of Adjustment, 394 Pa. 645, 148 A. 2d 916 (1959), affirming 16 D. & C. 2d 346; Zoning Hearing Board v. Konyle, 5 Pa. Commonwealth Ct. 466, 290 A. 2d 715 (1972).

The zoning hearing board from the evidence made findings of fact which may be summarized as follows:

Appellant, John Dziedzic, Jr., owns premises consisting of approximately 20.019 acres on Gerryville Pike, Upper Hanover Township, this county. He acquired title on December 29, 1977.

David and Joan Phillips were the immediate predecessors in title.

Under the Upper Hanover Township Zoning Ordinance of 1954 which was actually enacted June 9, 1955, and under Zoning Ordinance 74-1 which replaced the ordinance of 1954, the subject property was zoned residential. Its present zoning is R-2 Residential. Autobody or automotive repair facilities are not permitted in such residential zone.

Prior to June 9, 1955, the premises had been utilized by the owners from time to time as a junkyard for the salvage and sale of used automobile parts. However, they had not done auto body work, auto repairing, spray painting, jack hammering, body hammering, straightening of frames, tire alignments, brake adjustments or state inspections on the property.

The work or repairs conducted on the property by appellant's predecessors were minor in nature, involving only the replacement of missing or damaged parts with parts purchased from the junkyard.

A masonary building was constructed on the property in 1950. Appellant's immediate predecessors in title utilized the said building infrequently for auto repairs and auto body work during their brief—approximately six months'—period of ownership in 1977.

Appellant knew that the zoning was R-2 Residential, and that auto body repairs or automotive repairs were not permitted on his property unless as a nonconforming use.

The Zoning Hearing Board correctly decided,

1. That the use of the property as a junkyard with sale and salvage of used parts was protected as a nonconforming use under Article VII of the Zoning Ordinance.

2. That the later uses as a body shop or automotive repair shop were changes in the original basic nature of the use and hence the later uses are not protected as vested rights. Upper Darby Township Appeal, 391 Pa. 347, 354, 138 A. 2d 99 (1958).

3. That the use as body shop or repair shop was and is unlawful.

Auto repairing and body work requires tools and machinery for body and frame straightening, welding, and painting. These activities entail noise and fumes which are not associated with junkyards. The distinction between these uses becomes critical in considering the impact on neighboring land owners. Hence the repair and body work cannot be brushed aside as a mere expansion of the junkyard.

Appellant cites authority for the contention that "A propety owner has a constitutional right to ex-

pand a lawful non-conforming use to meet natural business expansion so long as the health, safety, and welfare of the community is not jeopardized." B&B Shoe Products Co. v. The Zoning Hearing Board of Manheim Borough, 28 Pa. Commonwealth Ct. 475, 368 A. 2d 1332 (1977). However, appellant is manifestly seeking to add new nonconforming uses to his junkyard use.

## ORDER

And now, December 1, 1980, the decision of the Zoning Hearing Board of Upper Hanover Township is affirmed.