Abdel Colin, Appellant *v.* Philadelphia Zoning Board of Adjustment, Appellee.

Argued June 7, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Jacob S. Richman,* for appellant.

*Janet Stern Halcombe,* Assistant City Solicitor, with her *Alan J. Davis,* City Solicitor and *Jill A. Douthett,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, July 26, 1982:

Abdel Colin here appeals from an order of the Court of Common Pleas of Philadelphia County affirming an order of the Zoning Board of Adjustment refusing to afford him a hearing of his application made in 1978 for a certificate to use his property located in the "G-2" General Industrial District for the disassembling of used motor vehicles and the sale of these parts at wholesale, a use allowed by zoning board use certificate pursuant to Section 14-508(2)(b) of the Philadelphia Code.

We learned from briefs and arguments submitted at argument, not from the record certified to us, the following. In the year 1971 Colin applied for and was refused a certificate to use his land for disassembling used motor vehicles *and the retail sale of junk*—the first a use then and now permitted in the G-2 district with a use certificate, the second, apparently a use forbidden in that district. Colin had already unlawfully established both uses on his property. In 1976 the City sought and apparently obtained an injunction or injunctions requiring Colin to cease his unlawful uses of the property but which, apparently, he has disregarded without consequence and despite outstanding contempt citations. In 1977, Colin applied for a variance to disassemble used motor vehicles and the sale of their parts at wholesale only—that is, he did not apply for a certificate to sell junk. The Board refused to give him a hearing pursuant to its Rule III(10) because he continued to use his property unlawfully. The rule provides:

Except by special permission of the Board, no rehearing will be permitted, after a final determination by the Board, or by a court on appeal therefrom, for one (1) year from the date of such final determination. In addition, no rehearing will be permitted, after a final determination by the Board, or by a court on appeal therefrom, until the premises in question have brought into compliance and remained in compliance with that final determination for at least one (1) year.

The refusal of the variance seems not to have been appealed. In 1978 Colin applied to the Zoning Board for a certificate to use the property for the purpose of disassembling used motor vehicles and the sale of their parts at wholesale. This is the application which is the subject of this appeal. The Board noted the outstanding and uncomplied with equity decrees and that the property continued to be used in violation of the zoning regulations and again refused to give Colin a hearing. It acted pursuant to Rule III(10) on the ground that Colin was not entitled to a rehearing of his 1971 application for a certificate because he had never brought the premises in compliance with the zoning regulations.

Colin contends that the Board erred in refusing to hear his 1978 application for two reasons, first, because the 1978 application asked only for a certificate to disassemble used motor vehicles and sell their parts and did not ask for permission to sell junk at retail as he had in 1971, so that the 1978 application was materially different from the 1971 application and therefore not merely an application for rehearing; and second, because the rule of law as to who has the burden of persuasion with respect to detriment to health, safety and general welfare had assertedly undergone a change between 1971 and 1978, pointing out

an asserted difference between our holdings in *Rubin v. Philadelphia Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 406, 274 A.2d 208 (1971) on the one hand and *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980) on the other. Colin also attacked Rule III(10)'s flat denial of a rehearing pending the removal of an unlawful use as a penalty additional to those provided by the statutes, a sanction beyond the power of the Zoning Board to create or impose and, as applied to him, a denial of due process.

Unfortunately, we are unable to review the Board's order (which we are required to do because the court below heard no evidence) because Colin's 1971 application is not in the record. If, as Colin contends, the 1971 application was for the retail sale of junk, a seemingly forbidden use, as well as for the disassembly of used motor vehicles, whereas the 1978 application was for disassembling used motor vehicles and the sale of their parts, both uses permitted by certificate, the latter request would not have been one merely for rehearing of the 1971 application.

We are impelled, therefore, to remand the record to the Board for hearing at which the Board may have before it the 1971 application for a comparison with the 1978 application. If the applications differ as Colin says, the Board should hear the 1978 application.

With respect to the alleged difference in our cases with respect to which party had the burden of persuasion, a careful reading of Judge CRAIG's opinion in *Bray, supra,* will show that the holding of the cases of which Colin complains were there reconciled.

It is not necessary at this time to address Colin's attack on the validity of Rule III(10), an essentially constitutional question which we should not undertake to decide if not necessary.

636

Order vacated; record remanded to the Zoning Board of Adjustment for further proceedings not inconsistent with this opinion.

ORDER

AND Now, this 26th day of July, 1982, the order of the Court of Common Pleas of Philadelphia County is vacated and the record is remanded to the Zoning Board of Adjustment of Philadelphia for proceedings consistent with this opinion.