## Dalgewicz v. Falls Township Zoning Board of Adjustment

*T. Sidney Cadwallader*, for appellant.

*Robert T. Burke*, for appellee.

BECKERT, J., April 20, 1966.—This zoning case is before us on appeal by Chester Dalgewicz and Chris-

tine Dalgewicz, his wife, owners of a certain tract of land situate in Falls Township, Bucks County. Appellants seek a review of the decision of the Zoning Board of Adjustment of Falls Township refusing the grant of a special exception.

The record made before the zoning board being inadequate, a de novo hearing was held by this court, at which time additional testimony was taken, and it is now the duty of this court to decide the issue on the merits: Rogalski v. Upper Chichester Township, 406 Pa. 550, 554 (1962), and cases cited therein.

The record reveals that appellants are owners of a tract of land situate in a "C-Commercial District" on the southerly side of West Trenton Avenue in the Township of Falls, County of Bucks, containing 4.825 acres, which parcel is surrounded on the east, west and south sides by Morrisville Borough, wherein is located a housing development known as Grandview Estates. Within the Township of Falls and directly across West Trenton Avenue from the parcel in question is a drive-in movie.

Appellants had made an application for a special exception to use a portion of the aforesaid tract of their land, with frontage on West Trenton Avenue, for a drive-in food dispensary. A hearing on the application was held on September 30, 1963, before the Zoning Board of Adjustment of Falls Township, at which time the Dalgewiczs' application was denied.

After application therefor, a rehearing was held before the board on March 17, 1964, and the application was again refused by the board on March 30, 1964, for the following reasons:

"1. The proposed use will create odor, smoke, illumination and noise to residences within 500 ft. of the property in question.

"2. The illumination will further interfere with existing commercial enterprises.

"3. The additional traffic generated will greatly increase traffic hazards presently existing on the public road on which the property fronts".

After consideration and review of the testimony offered at the hearing, and an examination of the exhibits admitted into evidence, we are of the opinion that virtually all of the conclusions of the board are without supportive facts. Only the second conclusion of the board was in any way supported by the testimony given during the hearing, and we will treat that conclusion later in this opinion.

Section 501 of the zoning ordinance clearly authorizes a restaurant as a special exception. Therefore, unless the intended use clearly would damage the health, safety and morals of the neighborhood, a special exception should be granted: Temple University v. Zoning Board of Adjustment, 414 Pa. 191, 195; Jacobi v. Zoning Board of Adjustment, 413 Pa. 286, 290. The burden of establishing that the use would not violate the health, safety, and morals is not on the land owner, but, rather, the burden of establishing such detriment is upon those who have opposed the issuance of the special exception: Mason v. Schaefer, 410 Pa. 239; Temple University v. Zoning Board of Adjustment, supra. That is to say, applicant is entitled to the special exception "unless there was legally sufficient competent evidence to support a finding that the granting of such exception was adverse to the public interest": Good Fellowship Ambulance Club's Appeal, 406 Pa. 465, 475; Jacobi v. Zoning Board of Adjustment, supra.

Section 1203 of the zoning ordinance sets forth the standards which the zoning board should take into consideration in passing upon special exceptions. Those having a relationship to the reasons assigned for refusing the special exceptions require the board to:

"2. Determine that the proposed change will not substantially injure or detract from the use of the

neighboring property or from the character of the neighborhood, and that the use of the property adjacent to the area included in the proposed change or plan is adequately safeguarded.

"3. Determine that the proposed change will serve the best interests of the Township, the convenience of the community (where applicable) and the public welfare".

Considering the evidence before the court in relation to the above standards, as broad in scope and vague as they are, there is no evidence in the present case to justify findings that the granting of the exception would be in conflict with the standards.

As to the first reason assigned by the board, appellants raise a question about the constitutionality of an ordinance which attempts to prohibit or ban, within 500 feet of a residence district, that which under the terms of the ordinance is proper and lawful: See Eller v. Board of Adjustment, 414 Pa. 1.

Such an ordinance may be challenged as to its constitutionality on the basis of discrimination in that an unreasonable distinction may be made upon properties in the same classification. That is, a property located within a large commercial zone, so that it is more than 500 feet from any point of a property to a residential area, would enjoy an advantage over a parcel located in a small commercial area, or near the boundary of a larger commercial tract.

Notwithstanding these possible objections to the ordinance, we need not consider the ordinance's constitutionality, because only two persons situated within a residence district 500 feet from appellant's property testified at the hearing, and they failed to offer any evidence to support their protest. The primary concern of one protestant was the additional illumination which would come from appellants' property. This protestant testified he would have no objection to the proposed

use of the Dalgewiczs' property if there could be no lights higher than 15 feet from the ground. It is to be noted that this protestant presently resides next to a drive-in theatre, from which he hears occasional noise, and opposite a gas station which uses two big lights to illuminate the station, neither of which unduly bother him.

The other protestant resides about 400 feet from the parcel of land under consideration, and there is between his house and the subject property a masonry building and the two-story house of the Dalgewiczs'. This protestant was opposed to the application for a number of reasons, none of which he was able to support by any evidence, but his particular opposition seemed to rest in the fact that his backyard faces appellants' property. The mere fact that a portion of a person's property borders a commercial property is no reason to deny an application for a special exception. Indeed, the protestant has only been residing in his present property for two years, and before buying said property, he could have ascertained from Falls Township that the property in back of him was zoned commercial. Although the gasoline station on West Trenton Avenue is a like distance from his property as the parcel in question, he testified that the light from the gas station did not bother him because he had trees on his property which blocked the light out. He also testified there were buildings and trees scattered on the northeast corner of his property which would place them between his property and the parcel of land in question.

The second reason assigned by the board was that the illumination will further interfere with existing commercial enterprises. The basis of the conclusion reached by the board was due to the testimony of the owner of the Morrisville Drive-In Theatre, which is located directly opposite West Trenton Avenue from

the subject property. This protestant was opposed to appellants' application because it was his fear that the illumination from the archways over a McDonald Drive-In Restaurant would interfere with the operation of his outdoor theatre during the evening, particularly since the patrons of his theatre would be facing in the direction of the subject property. He testified he had a fence 16 feet in height along West Trenton Avenue which he had to erect some years ago in order to shield out the light from the gasoline station. This protestant testified that he would have no objection to appellants' application so long as any lights were kept below the 16-foot fence which he has along West Trenton Avenue.

The third finding, that the granting of the special exception would result in additional traffic congestion, is again a conclusion based on no facts. Obviously, as was said in Archbishop O'Hara's Appeal, 389 Pa. 35, 53, 54: "The use of the land for *any* such purpose would naturally result in an increase in traffic and the framers of this ordinance certainly must have taken heed of this factor in the preparation of the ordinance . . . *Any* traffic increase with its attendant noise, dirt, danger and hazards is unpleasant, yet, such increase is one of the 'inevitable accompaniments of suburban progress and of our constantly expanding population' which, *standing alone,* does not constitute a sufficient reason to refuse a property owner the legitimate use of his land". (Italics in original.) Of course, there are situations where an increase in traffic will justify the refusal of a special exception, but such increase in traffic must be of such character that it bears substantial relation to the health and safety of the community. There was no showing in this matter of any such relationship, save for a tally of automobile accidents which had occurred on West Trenton Avenue during the year 1964. Considering the character of the neigh-

borhood, with its apartment houses and shopping centers and the cars which would of necessity frequent this road, the number of accidents, 19, does not seem unusually out of line.

We are mindful of the cogent language of Justice Roberts in National Land and Investment Company v. Easttown Township Board of Adjustment, 419 Pa. 504, 521, to the effect that the court is "neither a super board of adjustment nor a planning commission of last resort", but we are nevertheless of the strong opinion, after the de novo hearing, that the board of adjustment did not have justification in denying appellants' applications for a special exception. However, we do believe that lighting from a structure exceeding 15 feet in height might cause possible hardship and be annoying to neighboring properties. Section 1203, sub-section b, gives the zoning board the power to impose conditions upon the granting of a special exception as would assure compliance with the intent of the zoning ordinance. For this reason, and pursuant to the above authority, we hereby grant the special exception, subject, however, to the express condition that no light bulb, fluorescent tube, or any other artificial means of lighting or illumination shall be placed or affixed to any standard, pole and/or other structure erected, or to be erected, on appellants' property that exceeds more than 15 feet in height above the presently existing ground level.

## ORDER

And now, to wit, April 20, 1966, the decision of the Zoning Board of Adjustment of the Township of Falls, Bucks County, refusing a special exception to appellants, Chester Dalgewicz and Christine Dalgewicz, is reversed and the record remanded to the board with direction that it grant the special exception applied for, subject to the aforesaid condition.