## Appeal of Abraham P. Groff from the Decision of Warwick Township Board of Adjustment.

Argued December 14, 1970, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and BARBIERI (who has since been appointed to the Supreme Court of Pennsylvania and did not participate in the decision).

*Wayne S. Hummer, Jr.,* with him *Lombardo & Hummer,* for appellant.

*George J. Morgan,* with him *Newcomer, Roda & Morgan,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 3, 1971:

The appellant, Abram P. Groff, owns a thirteen acre tract in Warwick Township, Lancaster County. Approximately four and one-half acres are used by him as a trailer park. Although Warwick Township Zoning Ordinance prohibits trailer parks in this rural district, he has been operating by the grace of a nonconforming use.

The zoning ordinance provides that the Township Zoning Board may grant as a special exception the expansion of nonconforming uses to the extent of 50% of the initial nonconformity. Groff has applied for an expansion to include his entire thirteen acre tract or

roughly 300%. This was his fatal move. From the refusal of his application by the Board, appeal was taken to the Court of Common Pleas of Lancaster County. Testimony was taken by the court and the appeal was thus decided de novo. See *Richman v. Zoning Bd. of Adj.*, 391 Pa. 254, 257, 137 A. 2d 280 (1958). Groff appealed that court's refusal to this Court. While we hold that the appeal is without merit because Groff sought to obtain an expansion of his nonconforming use beyond that which clearly is defined by the Ordinance, we feel it incumbent to consider the merits of the issues raised in this appeal. Appellant contends: (1) the zoning ordinance is unconstitutional in that it prohibits trailer parks in Warwick Township; (2) the classification of mobile home parks in commercial districts only is clearly arbitrary and capricious and thus unconstitutional; (3) the decision to deny Groff's application due to "increased detrimental effect on surrounding properties" was arbitrary and incorrect. We will dispose of these issues in the order in which they were raised.

I

The Warwick Township Zoning Ordinance clearly and explicitly provides for mobile home parks as a special exception in "C" Commercial districts. It limits their use, however, to lots of five acres or more. Three areas in the township are appropriate in size and zoning to accommodate mobile home parks. Two of the three areas presently house such parks.

Appellant contends that since there is no vacant land upon which he could legally place a new park, the ordinance totally prohibits that use anywhere within the municipality and relies upon *Girsh Appeal*, 437 Pa. 237, 263 A. 2d 395 (1970). In *Girsh*, however, the township had impliedly excluded all apartment houses anywhere. It is an altogether different situation where the town-

ship has provided space for development of a use and that space is exhausted by proper development. While it may be inherently discriminatory for a township to totally exclude a use from its borders, we fail to see the analogy by which we could reason that a legitimately appropriated area for a specific use which has been saturated is in the same posture as a total prohibition, of that use within a municipality.

The Warwick Township Ordinance neither impliedly nor expressly prohibits mobile home parks in that municipality. It is not unconstitutional.

## II

Appellant contends that the ordinance is also unconstitutional because it restricts mobile home parks to commercial zones. Zoning ordinances which confine a use to one particular region are "premised on the fundamental reasonableness of allocating to each type of activity a particular location in the community." *Exton Quarries, Inc. v. Zoning Bd. of Adj.*, 425 Pa. 43, 59, 228 A. 2d 169 (1967). They are accorded a presumption of their valid relationship to the health, safety, morals and general welfare of the community. *National Land and Investment Co. v. Easttown Township Bd. of Adj.*, 419 Pa. 504, 522, 215 A. 2d 597 (1965).

We have before us nothing which would demonstrate that trailer parks in a commercial region are unrelated to the health, safety, morals and general welfare. Indeed, appellee produced evidence which convinces us that trailer parks flourish in the commercial zones. See *Honey Brook Twp. v. Alenovitz*, 430 Pa. 614, 243 A. 2d 330 (1968).

We believe it important to note that the only issue raised in this appeal is the regulation of mobile home *parks*. The regulation of this use is pointed to business functions of the park. We are not concerned here with

the question of the location of mobile homes in residential zones. We do not pass upon the question of the validity of an ordinance which would prohibit a mobile home on a single residential lot.

## III

Based on the testimony it heard, the court below held that the requested expansion would have an inescapable detrimental effect on surrounding properties. Specifically, it found that (1) the increased flow of traffic would endanger the elderly patients of the United Zion Home which is adjacent to the tract in question; (2) the inevitable increase of the number of mobile home children would constitute a safety hazard for the children playing on the Zion Home property; and (3) by enlarging the paved area there would be a detrimental increase in water drainage on an adjoining highway and property.

The Supreme Court and this Court have consistently held that it is not the function of this Court to substitute its judgment for that of the board or the lower court which heard the testimony. Our review is limited to the determination of whether, on the basis of the record, the findings made by that court or board evidence an error of law or a manifest abuse of discretion. *Richman, supra.* However, even on this limited basis, our careful study of the record leads us to the conclusion that the findings of the court are not substantiated. We therefore hold that the lower court in its findings based upon the evidence adduced at the hearing that there was a detrimental effect upon the surrounding properties constituted a manifest abuse of discretion.

The administrator of United Zion Home testified that there was an increase in vehicular traffic over a private lane bounding the Home following the com-

mencement of the operation of the mobile home park, and that this hazard endangered the elderly residents of the Home. However, later cross-examination elicited an admission from this witness that the mobile home park had chained off its entrance on this lane and that the alleged dangerous condition of which he complained was caused by other drivers. It is apparent from the nullity created by this evidence that the court below erred in concluding dangerous conditions on the lane would increase if the park would expand.

The same witness also testified that children from the park play on the home grounds, as do other neighborhood children. While this activity may create a problem for the Home as it does to any property owner, it is the result of normal population growth and not necessarily or solely caused by the mobile home park operation. A municipality may not zone out population because of the problems caused by its increase. *Girsh Appeal, supra.* We hold that the township by legislative or other means cannot prohibit normal population growth. It is the duty of governments to adopt appropriate legitimate programs to meet the demands of population growth.

Finally, a neighbor offered uncontroverted testimony that the water flow from the trailer park washes across Newport Road and causes damage to his property. It is also uncontroverted that an increase in the paved area of the park increases the water flow. However, this witness also testified that Groff has constructed a ditch in an effort to control this water complaint. As of the date of the hearing, the ditch control was untested and there is no evidence on the record of the present or future propensity of injurious water flow from the trailer park.

We conclude that the court below erred when it held that the expansion would cause the increased detrimental effects alleged.

Groff, in applying for expansion over his entire thirteen acre tract, ignored the limitation set forth in the Ordinance. The legality of this limitation is not challenged by the appellant. These limitations have been recognized since *Philadelphia Art Alliance v. Philadelphia Zoning Board of Adjustment*, 377 Pa. 144, 104 A. 2d 492 (1954).

Other factors being in proper order, Groff could be permitted to expand another two and one-quarter acres. Appellant has not presented a proper application for expansion under the Warwick Township Ordinance and it is not for the Court to revise his application. His request was faulty and should have been denied.

Order affirmed.