BP Oil, Inc., Appellant *v.* Zoning Hearing Board of the Borough of Brookhaven, Appellee.

Argued April 4, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Reese A. Davis,* with him *Greenwell, Porter, Smaltz & Royal,* for appellant.

*James P. Gannon,* with him *Beagan, Gannon and Barnard,* for appellee.

Opinion by Judge Blatt, August 16, 1978:

The Appellant, BP Oil, Inc., appeals here from an order of the Court of Common Pleas of Delaware

County. In 1976 it had applied for and had been denied a permit to erect a gasoline station on its property in Brookhaven Borough. It had been given a zoning map by the zoning hearing officer of the Borough showing the property to be in a "C" commercial district and it was advised that gas stations were not a permitted use there. The record indicates that the property concerned had been originally zoned in 1960 as "C" commercial, a zone in which gasoline stations were a permitted use, but that an amendment made in 1964 eliminated all "C"commercial districts and created an "A" commercial district wherein gas stations are not permitted and a "B" commercial district wherein they are permitted. The Appellant's property was therefore rezoned "A" commercial, with appropriate changes to the zoning map approved and adopted. The 1975 edition of the map, however, did not reflect these changes but designated "C" and "B," instead of "A" and "B," commercial districts. The Appellant petitioned the Brookhaven Zoning Hearing Board (Board) requesting a variance[1] and in the alternative challenging the validity of the ordinance. The Board denied both the request for the variance and the challenge to the ordinance and it was affirmed on appeal to the lower court. This appeal followed.

Our scope of review when the lower court has not taken additional evidence is to determine whether or not the Board abused its discretion or committed an error of law. *Schaffer v. Zoning Hearing Board,* 32 Pa. Commonwealth Ct. 261, 378 A.2d 1054 (1977).

The Appellant argues first that the 1964 amendment to the zoning ordinance is invalid because a zoning map was never prepared correctly designating the "A" and "B" commercial districts nor was there

---

[1] The Appellant also applied and was denied a special exception, an issue not raised here.

a metes and bounds description showing which properties had been rezoned. Our Supreme Court has said that "[w]hile it is undoubtedly true that a property owner has no vested interest in an existing zoning map . . . the zoning ordinance and its accompanying zoning maps should nevertheless at any given time reflect the current planned use of the community's land so as to afford as much notice as possible." *Eves v. Zoning Board of Adjustment,* 401 Pa. 211, 218, 164 A.2d 7, 11 (1960).[2] The Board argues that because the zoning map here specifically designated "B" and "C" commercial districts, the mere failure to reflect a change in the lettering from "C" to "A" on the map cannot invalidate the ordinance, and it emphasizes that the law is clear that a zoning ordinance is presumed to be valid and the burden of establishing its invalidity is upon the one who challenges it. *Campbell v. Zoning Hearing Board,* 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973). The Board also notes that the map in existence at the time the Appellant applied for a variance clearly defined two separate commercial districts, and, inasmuch as the amendment had abolished the "C" district, the commercial district designated as "C" on the map, instead of "A," was obviously intended to be shown as "A." On this basis, both the Board and the lower court held that the zoning map afforded the Appellant the required notice of the property restrictions. We must agree.

The second question presented is whether or not the ordinance is exclusionary because gasoline sta-

---

[2] This case involved a township which had amended its zoning ordinance without delineating boundaries of the new district but required property owners to apply on a case by case basis for their property to be rezoned within that district. The Supreme Court held that such a scheme was invalid as the "antithesis of zoning 'in accordance with a comprehensive plan'." *Eves, supra,* 401 Pa. at 217, 164 A.2d at 11.

tions are permitted only in districts and on properties where they already exist. In establishing a de facto exclusion, the burden of proof that the ordinance effectively prohibits a use rests with the applicant. *Benham v. Board of Supervisors,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975); *Russell v. Penn Township Planning Commission,* 22 Pa. Commonwealth Ct. 198, 348 A.2d 499 (1975); *Kaiserman v. Springfield Township,* 22 Pa. Commonwealth Ct. 287, 348 A.2d 467 (1975). And, where a de facto exclusion is alleged, the facts supporting such an allegation should appear clearly in the record. *Kaiserman, supra; Surrick v. Zoning Hearing Board,* 11 Pa. Commonwealth Ct. 607, 314 A.2d 565 (1974), *rev'd on other grounds,* Pa. , 382 A.2d 105 (1977). Here the Appellant argues that it can sustain its burden by proving that the Borough has failed to provide for its "fair share" of this use and therefore that a de facto exclusion has occurred. It cites as supporting evidence that (1) only three-tenths of one percent of the land in the Borough is zoned "B" commercial, (2) there is a need for at least one additional gasoline station, (3) the Borough population is increasing, (4) there is now no vacant land in the "B" commercial district which could be used for a gasoline station, and (5) the only property in this district which is *not* presently used for a gasoline station is being used for a hardware store and is not available for other use.

Claims involving exclusion of commercial uses, however, can seldom be sustained on the basis of percentage figures alone; some analysis of the present and projected needs of the municipality and some proof that the needs of the community residents are not being adequately served must be present. *Sullivan v. Board of Supervisors,* 22 Pa. Commonwealth Ct. 318, 348 A.2d 464 (1975). And we agree with the

Board and the lower court that the ordinance here did not set aside an unreasonably small amount of land for that use in relation to the needs of the community. Although there was testimony here that there was a need for one additional gasoline station, the ordinance essentially made provision for such, inasmuch as there were seven parcels of land in the "B" commercial district, six of which were gasoline stations and the one other parcel, although it was currently a hardware store, could be developed as the additional gasoline station. Although there was essentially no vacant land available, this Court has previously rejected the argument that an ordinance is exclusionary on this basis, holding that:

> While it may be inherently discriminatory for a township to totally exclude a use from its borders, we fail to see any analogy by which we could reason that a legitimately appropriated area for a specific use which has been saturated is in the same posture as a total prohibition of that use within the municipality.

*Groff Appeal,* 1 Pa. Commonwealth Ct. 439, 442, 274 A.2d 574, 575 (1971); *Benham v. Board of Supervisors, supra,* 22 Pa. Commonwealth Ct. at 252-53, 349 A.2d at 488-89.

We believe therefore that as a matter of law this ordinance is not exclusionary.

The Appellant argues alternatively that it was entitled to a variance allowing it to use the property for a gasoline station. The standards to be applied in determining whether or not a zoning variance was properly denied are set forth in Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912. In holding that the Appellant was not entitled to a variance, the Board cited the testimony in the record that the property could be developed without a use

variance although, from an economic standpoint, its development might be more profitable as a gas station. Economic hardship, of course, short of rendering property practically valueless, does not justify a variance. *Updegrave v. Philadelphia Zoning Board of Adjustment*, 25 Pa. Commonwealth Ct. 451, 360 A. 2d 827 (1976). We believe, therefore, that the Board properly denied the Appellant's application for a use variance as well as his challenge to the ordinance as being exclusionary. We therefore need not reach the additional issues of the dimensional and ingress and egress variances.

The order of the lower court is, therefore, affirmed.

ORDER

AND Now, this 16th day of August, 1978, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.