Caesar **LOMBARDOZZI**, Appellant,

v.

**MILLCREEK TOWNSHIP ZONING HEARING BOARD, Millcreek Township, Thomas J. Cook, Jr., Linda Cook, Richard M. Estock, and Jeannine Estock.**

Commonwealth Court of Pennsylvania.

Argued July 9, 2003.

Decided Aug. 1, 2003.

---

Edward J. Betza, Erie, for appellant.

Timothy M. Zieziula, Erie, for appellee, Millcreek Township Zoning Hearing Board.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.

Caesar Lombardozzi (Landowner) appeals from an order of the Court of Common Pleas of Erie County (trial court) affirming the decision of the Millcreek Township Zoning Hearing Board (Board) denying his request for a special exception for a front yard setback of less depth than that required by Millcreek Township's Zoning Ordinance (Zoning Ordinance).

Landowner owns a 1.13 acre lot of unimproved residential land on Wolf Road in Millcreek Township, Erie County. The lot was first created by Landowner's predecessor-in-interest by a subdivision approved by Millcreek Township's Board of Supervisors in 1998. The lot is rectangular in shape and, at its deepest point, measures 280 feet from the road. There are approximately ten homes located on the same side of Wolf Road as Landowner's property with one home setback 30 feet and the rest setback approximately 400 feet. The land on the opposite side of Wolf Road is essentially flat with most of the homes located close to the street. Adjoining Wolf Road are Elizabeth Lane, Tramarlac Lane and Saybrook Place, all of which have large homes with setbacks ranging from less than the required 30 feet to several hundred feet. Overall, the area is characterized as an "estate" type neighborhood. Within 150 feet of Landowner's property to the east and west, there are two adjoining parcels on which there are dwellings with an average front yard setback of 425 feet.

Normally, in every residential district except for an R–E zone, only a minimum 30–foot front yard setback is required. Section 601(B) of the Zoning Ordinance. However, in residential districts where front yards in excess of the 30–foot minimum "have been established by existing dwellings, any new dwellings shall observe at least the average setback of the nearest dwellings, taking into consideration only those buildings located on the same side of the street, in any particular block, for a distance not exceeding 150 feet in any direction." Section 702(A) of the Zoning Ordinance. Because the two adjoining properties to Landowner's lot are located an average of 425 feet back from the street, under Section 702(A) of the Zoning Ordinance, any residence built on the lot

would be required to have a 425–foot setback.

Because it was impossible to have a 425–foot setback as the lot is only 280 feet deep, Landowner applied for a special exception under Section 1008(E)(13) of the Zoning Ordinance[1] to construct a dwelling with a 60–foot setback.[2] Section 1008(E)(13) authorizes the Board to grant a special exception for a front yard of less depth than is required where "topography or existing building development makes strict compliance unreasonable or substantially impossible." In addition, all special exceptions also require that the exception "not fundamentally alter the character of the neighborhood." Section 1008(B)(2) of the Zoning Ordinance.[3]

The Board denied Landowner's request, finding that a special exception could not be granted where Section 702(A) established a more restrictive front yard setback requirement than the minimum 30–foot setback, and that Landowner's proposed construction would fundamentally alter the character of the neighborhood in that it would break the visual line of estate homes on his side of Wolf Road. Landowner appealed to the trial court. Millcreek Township intervened on behalf of Landowner and two property owners on Wolf Road (Objectors) intervened in support of the Board. The trial court affirmed the Board and this appeal followed.[4]

Landowner contends that he should be granted the special exception[5] because

1. In May of 2001, Landowner sought a variance from the Board for the same property that is the subject of this appeal. In that case, Landowner alleged that he was entitled to a variance due to unique circumstances that prevented him from complying with the front yard setback. The Board denied the request on the basis that his hardship was a "self-inflicted" hardship caused by his predecessor in title which was brought about when the prior owner subdivided the property in 1998. Landowner filed a land use appeal to the trial court. By order dated February 28, 2002, the trial court dismissed the land use appeal based upon the fact that any hardship suffered by Landowner was indeed self-inflicted. The parties to the current appeal incorporated the Record of Proceedings from the 2001 variance request into the present case.

2. Originally, what was proposed was a 40–foot setback; however, the proposed plan showed a 60–foot setback. At oral argument, it was conceded that a 60–foot setback was the maximum setback possible due to the topography and dimensions of Landowner's lot.

3. Section 1008(B)(2) of the Zoning Ordinance provides:

   B. In all cases of special exception, the Board shall consider the following standards and criteria, which are express conditions for the grant of any special exception.

   * * *

   2. The use proposed by the applicant will not fundamentally alter the character of the neighborhood in which [it] is located.

4. Where no additional evidence is considered by the trial court, our scope of review is limited to a determination of whether the Board committed errors of law or abused its discretion. *Baker v. Chartiers Township Zoning Hearing Board*, 677 A.2d 1274 (Pa. Cmwlth.1996), *petition for allowance of appeal denied*, 547 Pa. 738, 690 A.2d 238 (1997).

5. "The phrase 'special exception' is an unfortunate selection. A special exception is neither 'special,' nor an 'exception' to the ordinance. Zoning boards often hear protestants argue that an applicant for a special exception should be required to observe the law as set forth in the zoning ordinance. That argument is appropriate in an application for a variance, but not in a case involving a special exception. The applicant for an exception *is* following the zoning ordinance. His application is one envisioned by the ordinance and, if the standards established by the ordinance are met, his use is one permitted by its express terms." ROBERT S. RYAN, PENNSYLVANIA ZONING LAW AND PRACTICE, § 5.1.1 (2001). (Emphasis in original).

he established that it would be "substantially impossible" to locate the proposed residence at a greater distance than 60 feet from Wolf Road due to the topography and dimensions of the lot, and that the erection of a residential house in a residential neighborhood does not alter the character of the neighborhood. As to whether it is possible to waive the more stringent setback requirement, the Board and other Objectors counter that the relief cannot be granted because it would, in effect, "abrogate the special setback rule ... since in all cases to which it would apply, the 'existing development' on either side of a lot creates the rule in the first place." (Reproduced Record at 132–133). What the Board's argument ignores, though, is that the special exception from the setback can *only* be granted where it is substantially impossible due to the topography and dimensions of the lot.

As to whether the proposed residence will not "fundamentally alter the character of the neighborhood" as required before a special exception can be granted under Section 1008(B)(2) of the Zoning Ordinance, the Board found that "the Wolf Road 'neighborhood,' at least as that term describes the side of the street on which the proposed residence will be built, would, indeed, be fundamentally changed. The street is characterized by estate type houses with front yards measuring hundreds of feet." (Reproduced Record at 133). The record shows, however, that it is only on Landowner's side of Wolf Road that most of the homes have substantial setbacks, not the other side where the setbacks average approximately 50 feet. What is at issue then is whether an exception to an "organic" setback that establishes a 30–foot setback for one lot alters the character of the neighborhood.

Unlike Section 1008(E)(13), which deal with all setbacks, Section 1008(B)(2) applies to the consideration of all special exceptions. Usually, special exceptions are for "uses," not setbacks. In determining the impact of a prospective use on the character of the surrounding neighborhood, consistency with the surrounding uses in a neighborhood is of primary concern. *Mason v. Schaefer,* 410 Pa. 239, 189 A.2d 178 (1963). Landowner's proposal to build an estate-type house is in keeping with the current uses in the residential neighborhood and would not alter the character of the neighborhood.[6]

The question then becomes does the location of a residence built as far back as possible, but substantially less than other houses on that side of the street, alter the "character of the neighborhood?" While it may look more appealing to have houses hundreds of feet back from the street,[7] allowing construction of a residence in a residential zone with a lesser setback has no effect on the character of the neighborhood but only on the aesthetics of a particular block front in that neighborhood. We have stated many times that a "municipality may include aesthetic factors in the exercise of its zoning powers, but aesthetics alone cannot justify zoning decisions." *Berman v. Board of Commissioners of the Township of Lower Merion,* 147 Pa. Cmwlth. 405, 608 A.2d 585, 590 (1992); *see also National Land and Investment Company v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965); *Rogalski v. Upper Chichester Township,*

---

6. In fact, Objectors Cooks and Estocks conceded that Landowner's proposed house is "comparable in value and size to the surrounding homes." (Objectors, Cooks and Estocks Brief at 6).

7. As stated, *supra,* the record describes at least one other house on the same side of Wolf Road as Landowner's proposed residence that is setback only 30 feet.

406 Pa. 550, 178 A.2d 712 (1962); *White Advertising Metro, Incorporated v. Zoning Hearing Board of Susquehanna Township,* 70 Pa.Cmwlth. 308, 453 A.2d 29 (1982). In this case, while the block front may not be visually appealing, its construction in no way alters the residential character of the neighborhood.[8]

Accordingly, because it is impossible to locate the proposed residence in accord with the setback requirements and allowing the special exception will not alter the character of the neighborhood, we reverse the Board's decision and grant Landowner's appeal for a special exception under Section 1008(E)(13) for a 60–foot setback.

### ORDER

AND NOW, this *1st* day of *August,* 2003, the order of the Court of Common Pleas of Erie County, No. 11160–2002, dated January 7, 2003, is reversed and Caesar Lombardozzi's appeal for a 60–foot setback under Section 1008(E)(13) is granted.

---

8. We also note that the Board's limitation of the neighborhood to only the houses on "the side of the street on which the proposed residence will be built," (Reproduced Record at 133), is too narrow. In assessing the character of the neighborhood, the Board must look at the "immediate and not the remote neighborhood." *Schulman v. Serrill,* 432 Pa. 206, 211, 246 A.2d 643, 646 (1968) (court determined that the character of the "neighborhood" was predominantly single family residential and did not include the commercial uses in an area one-half mile to either side of the subject property). The neighborhood in which Landowner's proposed residence would be built is primarily single family residential homes and would stretch beyond Wolf Road to, at a minimum, the surrounding residential streets, such as Elizabeth Lane, Tramarlac Lane and Saybrook Place.