# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Fisher and AEE : 
Encounters, Inc. : 
 : 
      v. :  No. 1080 C.D. 2015
 :  Argued: June 6, 2016
Zoning Hearing Board of The : 
Borough of Columbia, : 
Lancaster County : 
and Borough of Columbia, : 
      Appellants : 


BEFORE:  **HONORABLE ROBERT SIMPSON,** Judge
      **HONORABLE PATRICIA A. McCULLOUGH,** Judge
      **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


## OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**      **FILED: October 13, 2016**


    The Borough of Columbia appeals from an order of the Court of Common Pleas of Lancaster County that reversed the decision of the Zoning Hearing Board of the Borough of Columbia (ZHB)[1] denying all of the requested zoning relief of Richard Fisher and AEE Encounters, Inc. (collectively, the Applicant), seeking to change the use of its property from a club with partially-clothed dancers to one with totally nude dancers. We conclude that the ZHB correctly determined that the Borough of Columbia's Zoning Ordinance (the

---

[1] Noting that it did not participate in the Applicant's appeal before common pleas, other than to lodge the original record, the ZHB filed a notice of non-participation with this Court.

Ordinance) did not create an unconstitutional *de facto* exclusion for an Adult Live Entertainment Facility (ALEF) use.[2]  In the Borough's General Industrial (GI) East District, where adult uses are authorized by special exception, there is an approximately eighteen-acre area, with road frontage, which can accommodate such use.  Accordingly, we:  (1) reverse the court's holding that the Ordinance created an unconstitutional *de facto* exclusion for an ALEF use within the Borough based on its determination that Glatfelter Field was a school and not a public park for purposes of measuring the requisite separation distances for an adult use; and (2) affirm the court's determination to the extent that it concluded that the only lawful nonconforming use of the property was a club with partially-clothed dancers.

The salient facts are as follows.  The Applicant operates Club Good Times, a BYOB gentlemen's club located at 425 Union Street in the Borough's historic district and zoned high density residential (HDR).  Although adult uses are not permitted in HDR districts under Section 220-25.B of the Ordinance,[3] they are

---

[2] Section 220-19 of the Ordinance defines an ALEF use as follows:

> A use including live entertainment involving persons (which may include waiters, waitresses, dancers, clerks, bartenders, contractors or others) displaying uncovered male or female genitals or nude or almost nude female breasts or engaging in simulated or actual specified sexual activities related to some form of monetary compensation paid to a person, company or organization operating the use or to persons involved in such activity.

Section 220-19 of the Ordinance, Original Record (O.R.), Item No. 30 at 220:18.

[3] In pertinent part, Section 220-25.B of the Ordinance provides:  "Unless otherwise provided by law or specifically stated in this chapter (including § 220-5B), any land or structure shall only be used or occupied for a use specifically listed in this chapter as permitted in the zoning district where the land or structure is located."  Section 220-25.B of the Ordinance, O.R., Item No. 30 at 220:43.

allowed by special exception in GI districts pursuant to Section 220.20 of the Ordinance and must have a minimum lot area of one acre. In any event, the ZHB concluded that the club constituted a lawful nonconforming use as it presently operates, as a bar offering partially-clothed dancers as adult entertainment. February 27, 2013, Decision of ZHB at 1. In an attempt to change that use to one with totally nude dancers, the Applicant submitted an October 2012 application for zoning permit.[4] In a subsequent November 6, 2012, letter submitted to the Borough's zoning officer, the Applicant also asserted a substantive validity challenge to the Ordinance on the ground that it failed to provide sites for adult uses such as nude dancing.[5] The Applicant maintained that granting its challenge would allow the restoration of an alleged lawful nonconforming use of live nude dancing, which it contended was never abandoned and was manifestly intended to be maintained. In the alternative, the Applicant sought a special exception and applied for use and distance variances.

Following two days of evidentiary hearings, the ZHB denied all of the Applicant's requested relief. The ZHB determined that the Applicant failed to establish a valid nonconforming use of totally nude dancing, failed to demonstrate that the Ordinance *de facto* excluded an ALEF use because there was property in the GI East District that would satisfy the requisite separation distances for that use, and failed to establish grounds for a special exception and variances. On

---

[4] December 5, 2012, ZHB Hearing, Exhibit A-1, October 5, 2012, Application for Zoning Permit, O.R., Item No. 4; Reproduced Record (R.R.) at 87a.

[5] *Id.*, Exhibit A-2, November 6, 2012, Letter, O.R., Item No. 5; R.R. at 558a. As the ZHB found, a November 5th transmittal letter, included as part of Exhibit A-1, was not the one submitted to the Borough. The November 6th letter, which was actually sent to the Borough, is found in Exhibit A-2. ZHB's Finding of Fact (F.F.) Nos. 19 and 20.

3

appeal, common pleas reversed without taking additional evidence. The Borough's appeal to this Court followed.[6]

The cognizable issues on appeal are as follows: (1) whether common pleas erred in holding that Glatfelter Field was a school rather than a public park, and, thus, whether the court erred in reversing the ZHB's determination that the Ordinance did not create an unconstitutional *de facto* exclusion for an ALEF use within the Borough; and (2) whether the court erred in determining that there was no pre-existing lawful nonconforming use for totally nude dancing. In considering the Applicant's substantive validity challenge, we are mindful of the following:

> Zoning ordinances in Pennsylvania enjoy a presumption of constitutionality and validity, and the party challenging one bears a heavy burden of proving otherwise. In order to overcome this presumption of constitutionality, the challenger must demonstrate that the ordinance totally excludes an otherwise legitimate use. Unless the challenger demonstrates that the ordinance in question completely or effectively excludes a legitimate use, the challenger has failed to carry its burden. To prove total or effective exclusion of a permitted use, the challenger can show that the ordinance is either *de jure* or *de facto* exclusionary. A *de jure* exclusion exists where an ordinance, on its face, totally bans a legitimate use. A *de facto* exclusion exists where an ordinance permits a use on its face, but when applied, acts to prohibit the use throughout the municipality.

*In re Bartkowski Inv. Group, Inc.*, 106 A.3d 230, 238 (Pa. Cmwlth. 2014), *appeal denied*, 118 A.3d 1109 (Pa. 2015) (citations omitted). We turn first to determining whether common pleas erred in overturning the ZHB's determination that Glatfelter Field was a public park and not a school.

---

[6] Where, as here, common pleas did not take additional evidence, we are limited to reviewing whether the ZHB committed an abuse of discretion or an error of law. *Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 721 A.2d 43, 46 (Pa. 1998).

4

# I

Regarding Glatfelter Field's classification as either a public park or a school and the corresponding separation distances for an adult use, we note that Section 220.30.A(1)(a) of the Ordinance provides: "No [adult] use shall be located within 500 lineal feet of the lot line of any library, public park, existing dwelling, nor 1,000 lineal feet of the lot line of any primary or secondary school, place of worship, day-care center or child nursery." Section 220-30.A(1)(a) of the Ordinance, Original Record (O.R.), Item No. 30 at 220:52. Because we disagree with common pleas' determination that Glatfelter Field was a school and, therefore, required a buffer of 1,000 lineal feet, we conclude that the court erred in rejecting the ZHB's conclusion that it was a public park and, instead, required a buffer of 500 lineal feet.

In concluding that the GI East District potentially contained locations where an adult use could meet all of the separation distances for such use, the ZHB found that two pertinent areas,[7] located on the north side of Lancaster Avenue (SR 0462), "are separated by an area in the Borough classified as Park and Open Space District commonly known as Glatfelter Field and portions of [adjoining] West Hempfield Township." Finding of Fact (F.F.) Nos. 42, 43 and 45. In ascertaining the nature of Glatfelter Field, the ZHB considered conflicting testimony and numerous exhibits. In addition, it considered the fact that the Ordinance included a definition of the term "School, public or private primary or secondary," which

---

[7] The zoning officer acknowledged that the small rectangular area in the GI East District to the west of Glatfelter Field, which he marked with an "X" on Exhibit B-3, did not have road frontage, which is required for an adult use or a newly created lot. January 30, 2013, ZHB Hearing, Notes of Testimony (N.T.) at 138-39; R.R. at 57a. Accordingly, only the large triangular area to the east of Glatfelter Field may be considered for purposes of ascertaining whether the Ordinance created an unconstitutional *de facto* exclusion for an adult use.

provides: "An educational institution primarily for persons between the ages of five and 19 that primarily provides state-required or largely state-funded educational programs. This term shall not include trade schools (such as privately operated schools of trade, vocation or business)." Section 220-19 of the Ordinance, O.R., Item No. 30 at 220:34.

Mindful that the Ordinance did not define the term "educational institution," the ZHB was guided by the well-established statutory construction tenet to afford undefined terms their plain and ordinary meaning and to construe them in a sensible manner. *Adams Outdoor Adver., L.P. v. Zoning Hearing Bd. of Smithfield Twp.*, 909 A.2d 469, 483 (Pa. Cmwlth. 2006). Therefore, even though the Columbia Borough School District is the record owner of Glatfelter Field, the ZHB ultimately concluded that it was a public park, based on its findings that: (1) there were no buildings thereon which contained classrooms or in which the school district conducted classes; (2) it contained athletic facilities including five baseball fields, three tennis courts, a football field and a track, as well as pavilions with picnic tables, a concession stand and a grandstand; (3) the school district used some of the facilities, but the evidence reflected district use only for the junior varsity baseball team and softball teams; (4) in addition to this district use, the field was used by various private athletic organizations and members of the public; (5) there was no evidence that it was primarily used for persons between the ages of five and nineteen; and (6) the field is administered and scheduled by the Glatfelter Foundation. F.F. Nos. 48-51, 53-55, and 62. Without taking additional evidence, common pleas rejected the ZHB's determination that it was actual use and not ownership that controlled the classification, reasoning as follows:

> [T]here was testimony presented by both parties in this case that Glatfelter Field is used by the school, even if

6

not exclusively, for sanctioned school events. The court is satisfied that these sanctioned school events comprise part of the "educational institution" referenced in the definition of "school" under Ordinance § 220-19. The fact that school events take place on Glatfelter Field, which is owned and controlled by the School, is sufficient to persuade the court that Glatfelter Field is, in fact, a "school."

June 4, 2015, Opinion of Common Pleas at 7.[8]

Common pleas erred in reversing the ZHB's determination that Glatfelter Field was a public park. Based solely on the record adduced before the ZHB, common pleas improperly reweighed the pertinent testimony, rendered its own construction of the Ordinance's definition of school and substituted its determination. The ZHB took ample testimony on the issue and rendered numerous fact-findings in support of its determination. Although the ultimate conclusion as to the classification of a use may be a legal conclusion,[9] it has long been established that factual questions which relate to the nature and use of a premises are primarily within the province of a zoning hearing board. *Gish v. Exley*, 34 A.2d 925, 927 (Pa. Super. 1943). In addition, a zoning hearing board's construction of its own ordinance is entitled to great weight and deference from a reviewing court. *Tri-County Landfill, Inc. v. Pine Twp. Zoning Hearing Bd.*, 83 A.3d 488, 510 (Pa. Cmwlth.), *appeal denied*, 101 A.3d 788 (Pa. 2014).

Having concluded that Glatfelter Field is a public park, the mandated distance for an adult use therefrom is 500 lineal feet and, accordingly, the ZHB

---

[8] The finding that the "School" controlled the field would appear to be contrary to the ZHB's undisputed finding that the Foundation administered the field.

[9] *A & L Invs. v. Zoning Hearing Bd. of the City of McKeesport*, 829 A.2d 775, 777-78 (Pa. Cmwlth. 2003).

7

correctly determined that the Ordinance did not create an unconstitutional *de facto* exclusion for an ALEF use within the Borough.

## II

In determining that there was no *de facto* exclusion for an ALEF use in the GI East District, the ZHB concluded that part of the larger Anvil Corporation tract, a roughly triangular area of approximately eighteen acres to the east of Malleable Road and with 1140 feet of frontage thereon, could be subdivided such that it would meet the one-acre lot minimum and other dimensional requirements necessary for an adult use. F.F. No. 99 and Conclusion of Law Nos. 52 and 105. Specifically referencing Exhibit B-3, which it concluded correctly depicted the separation distances and exclusion zones, the ZHB found that the area was "bounded on the southwest by the 500 foot separation distance from the dwellings on the south side of Lancaster Avenue and on the southeast and north by the municipal boundary with West Hempfield Township[.]" F.F. No. 98. Additionally, referencing Exhibits B-3 and A-4,[10] the ZHB also found that the parties agreed to the separation distances from existing dwellings south and west of Glatfelter Field. F.F. No. 76. *See* Zoning Officer's testimony from January 30, 2013, ZHB Hearing, Notes of Testimony (N.T.) at 123; Reproduced Record (R.R.) at 53a. In addition, regarding the Nikolaus Property to the north, the ZHB rejected the testimony of the Applicant's witness and accepted as credible the zoning officer's testimony that there was no existing dwelling on that property from which a separation distance could be measured. F.F. Nos. 88 and 90.

---

[10] These exhibits are attached to the ZHB's decision as Appendix B and A, respectively. They can also be found in the Reproduced Record at 644a and 579a.

8

To summarize, Exhibit B-3 depicts the approximately eighteen-acre triangular area to the east of Glatfelter Field, with road frontage, that is outside of the exclusion zone and, therefore, could be developed for an adult use. F.F. No. 100. As the zoning officer testified, 18.38 acres are available for such use and the available area is "basically triangular in shape with frontage on Malleable Road bounded on the north by the former rail line and on the south by the exclusion zone that were developed around residences along [State Route] 462." January 30, 2013, ZHB Hearing, N.T. at 126; R.R. at 53a. Accordingly, based on the ZHB's findings and supporting evidence of record, we agree with the ZHB that the Applicant failed to establish that there was no suitable land in the Borough where an ALEF could legally operate after applying the 500-foot lineal separation distance.[11] We turn next to whether the Applicant failed to establish totally nude dancing as a lawful nonconforming use.

### III

The ZHB determined that the only lawful nonconforming use of the property was a club with partially-clothed dancers, rejecting the Applicant's contention that it preserved a lawful nonconforming use of totally nude dancing which existed at the time the Borough enacted the Ordinance in 1999. In support,

---

[11] As the ZHB observed, the fact that land within the GI district currently is not for sale or for rent does not, in and of itself, render the Ordinance exclusionary. Conclusion of Law No. 45. Indeed, the land under scrutiny for purposes of ascertaining whether an ordinance is *de facto* exclusionary does not have to be for sale or otherwise available. It has long been established that, where a municipality has allocated sufficient land for a particular use but that area becomes saturated by other uses, the inability to develop land does not constitute an unconstitutional prohibition of the use. *Appeal of Groff*, 274 A.2d 574 (Pa. Cmwlth. 1971). Additionally, we have also observed that, except perhaps for remote areas of the state, very little land remains that has not been used for some purpose and it is not the obligation of the municipality to assure that land within a particular district is readily for sale. *Sullivan v. Bd. of Supervisors of Lower Makefield Twp.*, 348 A.2d 464, 466 (Pa. Cmwlth. 1975).

9

the ZHB found that, although the predecessor club, Hartman's Café, had offered totally nude dancing, that club operated in violation of the Liquor Code.[12]  As for the Applicant's use of the subject property for totally nude dancing, the ZHB determined that such use occurred without the necessary special exception and without obtaining the required zoning permit.  Conclusion of Law Nos. 9-11.  In addition, the ZHB found that the Applicant failed to file an appeal from both a 2007 enforcement notice requiring it to cease totally nude dancing and a 2009 denial of a request for zoning relief to permit totally nude dancing.  *See Twp. of Penn v. Seymour*, 708 A.2d 861, 864-65 (Pa. Cmwlth. 1998) (failure to file an appeal from a zoning enforcement notice results in a conclusive determination that the conduct cited therein is in violation of the zoning ordinance).  Accordingly, we agree with both the determination of the ZHB and common pleas that there was no lawful nonconforming use of totally nude dancing.

## IV

Accordingly, we reverse common pleas' determination that the Ordinance created an unconstitutional *de facto* exclusion for an ALEF use within the Borough, and affirm its determination that the only lawful nonconforming use of the property was a club with partially-clothed dancers.

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[12] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 – 10-1001.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Fisher and AEE        :
Encounters, Inc.             :
                           :
             v.              :   No. 1080 C.D. 2015
                           :
Zoning Hearing Board of The   :
Borough of Columbia,        :
Lancaster County           :
and Borough of Columbia,    :
            Appellants   :

## O R D E R

AND NOW, this 13th day of October, 2016, the order of the Court of Common Pleas of Lancaster County is hereby REVERSED to the extent that it concluded that the Applicant, Richard Fisher and AEE Encounters, Inc., established that the Borough of Columbia's Zoning Ordinance created an unconstitutional *de facto* exclusion for an Adult Live Entertainment Facility use within the Borough, and AFFIRMED to the extent that it concluded that the only lawful nonconforming use of the property was a club with partially-clothed dancers.

 

                                             _____

                                           **BONNIE BRIGANCE LEADBETTER,**
                                           Senior Judge